## CHICAGO & ALTON RAILROAD COMPANY
### *v.*
## MARY GARVY, ADM'X, ETC.

1. NEGLIGENCE—*what constitutes.* In an action under the statute for a wrongful killing, it appeared, from the evidence, that the deceased was killed on a dark night, at the crossing of a public street, in frequent use, while attempting to cross a railroad track, by a train of freight cars, which had been detached from the engine, and was running along the track under the control of no person, without any light or signal being given of its approach: *Held*, that these facts constituted great negligence on the part of the railroad company, for which it must be held responsible for the damages sustained.

2. DAMAGES—*whether excessive.* And in such case a verdict for $2,400, was held not excessive.

Appeal from the Circuit Court of McLean county; the Hon. John M. Scott, Judge, presiding.

Mr. A. W. Church and Messrs. Williams & Burr, for the appellant.

Messrs. Stevenson & Ewing, for the appellee.

Mr. Justice Thornton delivered the opinion of the Court:

This was an action on the case, under the statute, for a wrongful killing.

As is usual, in such cases, the evidence was contradictory.

The party was killed on a dark night, at the crossing of a public street, in the city of Bloomington. The company had several tracks crossing the street.

On the night of the accident, two trains were passing,—one going north and one south.

The deceased and two companions started to cross the street, and were hindered by the northern bound train. They stopped to let it pass. Immediately after its passage, they stepped on the track, and all three were knocked down and one was killed.

The cars which caused the death, were detached from the engine, and though running slowly at the time, were under the control of no person. On a dark night in a populous city, and on a public thoroughfare, frequently used, this was great negligence in itself.

The jury were authorized to find, from the evidence in the record, that no signal was given of the approach of the cars; that there were no lights upon them; that there was no brakeman or other employee of the company to warn passengers, or check the speed in case of danger, and that the cars were not attached to any locomotive.

These facts found, would constitute negligence from which the company can not be relieved by any proof contained in the record.

It is claimed that the deceased was deaf, and careless and reckless. There is no proof of the alleged infirmity on the part

of his companions, and yet, one of them was seriously injured. The evidence does not show the negligence of the deceased. He heard one train, and paused to let it pass. Before the sound of its departure is lost, another one, without light or signal, or human agency to guide it, stealthily creeps upon him, and he is killed.

We have carefully read the instructions on both sides. They are numerous enough to embody every principle of law which could possibly have been applied to the facts. The jury could not be misled by them.

The judgment was $2,400. It was justified by the evidence and is not excessive. It must be affirmed.

*Judgment affirmed.*