## Mobile and Ohio Railroad Company *v.* Elvira Stroud.

1 Railroad Company. *Action against for killing an individual. Contributory negligence. Declaration. Demurrer.*

A declaration by a widow against a railroad company to recover damages for the death of her husband, which states that the husband got on defendant's track sixty feet in front of a train approaching at the rate of fifteen to thirty miles an hour, but was not observed by him, though there was nothing to obstruct the view thereof, and proceeded to walk in the middle of the track in front of such train on his way home and was overtaken and killed by it, and that the engineer might and ought to have seen him but did not, states no cause of action, and a demurrer thereto ought to be sustained.

2. Same. *Action against for death of person. Contributory negligence. Case in judgment.*

Where one going to his home is traveling upon a railroad track, and in order to avoid danger from an approaching train thereon gets on to a parallel track of another railroad company sixty feet in front of an engine approaching at the rate of fifteen to thirty miles per hour and in an unobstructed view, and then proceeds to walk up the latter track until he is overtaken and killed by the engine thereon, is guilty of contributory negligence, notwithstanding the fact that he was partially deaf and did not observe such engine; and his widow cannot recover damages for his death, even though it be shown that the engine (in violation of ₰ 1047, Code of 1880) was running at a greater rate of speed than six miles an hour in an incorporated city without sounding any alarm, and that neither engineer nor brakeman was on the lookout, but engaged in other duties on the engine.

3. Same. *Running cars through city, town, etc. Injury to individual. Contributory negligence. Section 1047, Code of 1880.*

Section 1047, Code of 1880, which provides that any railroad company, "shall be liable for any damages or injury which may be sustained by any one from its locomotive or cars while they are running at a greater speed than six miles an hour through any city, town, or village," does not impose absolute liability upon a railroad company for an injury to an individual done by it while violating this statute, but if such injury could have been avoided by the exercise of ordinary care on the part of such individual, the railroad company is not liable in damages therefor. *V. & M. R. R. Co.* v. *McGowan,* 62 Miss. 682, affirmed.

4. Same. *Duty as to running train. Person trespassing on railroad track. Injury. Liability.*

The employees in charge of a railroad train are not bound to stop it every time they see a person on the track. They may not wantonly injure or kill,

but they may assume that a man seen on the track, at a place when there is no difficulty in his leaving it, will exercise the common instinct of self-preservation and get off the track before he is reached by the train. If they see him on the track at a place where, or under such circumstances that, he cannot readily leave it in time to avoid injury, or if they discover that for any cause he is unaware of his peril, then they are bound to stop the train if it can be done; but a railroad company is not responsible for injury resulting to a person on account of their employees not seeing him when he is in a place where he has no right to be.

APPEAL from the Circuit Court of Lauderdale County.

HON. S. H. TERRAL, Judge.

Mrs. Elvira Stroud brought this action against the Mobile and Ohio Railroad Company to recover damages for the killing of her husband by the train of the defendant.

She alleged in her declaration that in October, 1884, her husband, George Stroud, on his way from the city of Meridian to his home in the country, being east from the depot of said company, and traveling in the route usually traveled by him between his home and said city, while crossing the track of the Alabama Great Southern Railroad Company, which track ran parallel to defendant's track, and while upon the track of the Alabama Great Southern Railroad Company, he perceived a train approaching on the Alabama Great Southern track, and in order to avoid the danger therefrom he crossed over to defendant's track, at which time a switch engine of defendant's was about sixty feet from him, but was not observed by him; that no notice of the approach of this engine was given either by ringing the bell or blowing the whistle; that this was in the corporate limits of the city of Meridian, and the engine was running at a greater rate of speed than six miles an hour; "and she avers that the engineer in charge of said engine, who was the agent and servant of defendant, did or might have observed him, the said George Stroud, and by the use of ordinary care and diligence might have prevented any harm or injury being done him at the time by said engine; but plaintiff avers that by reason of the wrongful and negligent act of the said defendant in failing to ring the bell and blow the whistle attached to said engine, and in failing to stop said engine, the said engine ran over the said George

64 MISS.—50.

Stroud, from the effect of which wrongful and negligent act the said George Stroud died."

To this declaration the defendant demurred, and the demurrer was overruled.

On the trial the evidence for plaintiff tended to show that George Stroud was a man about sixty-five years old and deaf in one ear; that on the day in question he was going home from the city of Meridian and was walking up the track of the Alabama Great Southern Railroad, some three hundred and fifty yards from the Union depot, when he saw a train approaching thereon, and in order to avoid it he crossed over and on to defendant's track, which ran near to and parallel with the Alabama Great Southern track, and proceeded to walk in the middle thereof; that when Stroud got on defendant's track a switch engine was between sixty and ninety feet in his rear, and was running at from fifteen to thirty miles per hour, this being in the corporate limits of Meridian; that Stroud, continuing to walk in the middle of the track, was overtaken by the engine, run over, and killed by it; that one Hattie Green, seeing the danger of Stroud, tried to give the engineer warning, but that he was not on his seat and was looking to one side and out of his engine, and that the brakeman was shoveling coal into the engine, so that they did not observe her; that the engineer, when within eight feet of Stroud, put on brakes and reversed his engine, but not in time to prevent the injury; that the track was straight and there was nothing to obstruct the engineer's view up to the point where Stroud was killed.

The evidence for the defendant tended to show that the engineer saw Stroud when he got off the Alabama Great Southern track, but did not see him any more until he was killed; that the engineer was engaged in oiling certain machinery on the inside of his cab and the brakeman was putting coal into the engine. The jury found for the plaintiff and assessed her damages at twenty-two hundred dollars, and the court gave judgment to that effect. The defendant appealed.

*Fewell, Watkins & Brahan,* for the appellant.

1. The demurrer to the declaration ought to have been sustained.

If the plaintiff's intestate was guilty of negligence which contributed directly or proximately to his death the defendant is not liable, although the defendant violated the statute or was otherwise guilty of negligence. *V. & M. R. R. Co.* v. *McGowan*, 62 Miss. 682.

It is well settled that it is negligence for one to go upon a railroad track, even at a crossing, without looking to see whether a train be approaching. *R. R. Co.* v. *Houston*, 95 U. S. Supreme Ct. R. 697; 2 Am. and Eng. Ry. Cases 191; 6 Ib. 5; 12 Ib. 64; 30 Am. R. 371; 8 Am. and Eng. Ry. Cases 420; 10 Ib. 726; 2 Ib. 124 and authorities cited. See, also, Patterson on Railway Accident Law 190, § 199.

It is obviously more negligent to get on a track at a place other than a crossing without looking; it is recklessness to get on a track at a place other than a crossing where trains are frequently passing, as in a yard where trains are being constantly moved, without looking. The law says it is negligence to step on a track without looking; the declaration says Stroud stepped on the track without looking; to say that Stroud was without fault is to contradict the law as laid down and the fact as specifically alleged.

It is not necessary to invoke the rule that the plaintiff's pleading is to be taken most strongly against her; we insist that there is not even an inference to be drawn from her averments which would support an action.

2. Now, did Stroud look before getting on the track of defendant? If he did, he must have seen the approaching train; and if he did see it, he was wanting in ordinary care in getting in its way; if he did not look, the fact of not looking was culpable want of ordinary care. We say that if he looked he must have seen it, because the track was straight and there was no obstruction.

There was no necessity for his being there in the first instance, or his stepping on defendant's track when he did—none is alleged and none is proven.

Will it be contended that the going on the track in this way did not directly or proximately contribute to his death? Surely not;

surely, it was a thing likely to result in his injury for him to step on a track under the circumstances and conditions stated.

There can be no pretense, in view of the evidence, that the defendant's servants willfully ran over Stroud, and we presume no such thing will be argued ; it was not so alleged.

To sustain this verdict and judgment would be to abrogate the law that declares railroads entitled to a clear track, and to say that they are responsible in every case for running against persons ; indeed, it would in effect make railroad companies insurers of the lives of persons on their tracks. We do most earnestly urge that it would be difficult to conceive a stronger case of want of ordinary care and caution than that of Stroud as presented by the pleadings and by the testimony. There is no view that can be taken of the testimony which excuses his conduct.

*J. W. Fewell,* on the same side.

The appellant insists that if Stroud's own negligence contributed to the accident proximately, his widow cannot recover though the defendant was guilty of negligence; whereas, it *seems* to be contended for appellee that even admitting that the plaintiff's husband was guilty of proximate contributory negligence, yet, if the defendant was guilty of negligence, either of omission or commission, it is liable.

That there is much confusion in the books on this subject, as upon a great many other subjects, there can be no doubt; but I submit to the court that in this State the true rule is this :

The railroad company is entitled to a clear track; but it is bound to use it with due regard to the safety of people, and in towns engines and trains must be run with care. The servants of the company have a right to assume that persons on the track, who appear to be able to take care of themselves (*i. e.,* who appear not to be laboring under any disability), will get off the track, and such servants, under that assumption, are not bound to slacken the speed of a train when a man is seen on the track until there is a reason to infer or suspect or believe that such person is not going to do as a man is to be expected to do, *i. e.,* get out of the way. As soon as it is seen that such person is not conscious of his dan-

ger—is not going to do his duty to himself—then the engineer's duty is to make every effort to protect such person from the consequence of his negligence or recklessness or unconsciousness of his danger.

The law requires every man, in every situation of life, to exercise his instincts and duty of self-preservation. A man has no right to use a railroad track as a footway; and his doing so is at his own peril, and he is held responsible to a high degree of care to protect himself from the danger which is incident to such situation.

The counsel for appellee seem to ignore the rule, so well settled in this State (and almost universal), that if Stroud was guilty of negligence, which was a proximate cause of his death, the defendant is not liable, though guilty of negligence; and yet they are driven by the very logic of their own argument to refuge in a purely imaginative theory, viz.: that of a wanton and willful and malicious running over of Stroud. They assume conduct of which there is not the slightest testimony, viz.: a wanton and reckless running over of Stroud, and then inveigh against the enormity of the act.

There is not a *scintilla* of testimony, as there was no allegation, of any such conduct. If the defendant's engineer willfully run over Stroud, or recklessly did so, or by his action evinced a reckless disregard of Stroud's life, the company would be liable—no sane lawyer would dispute that proposition.

The question upon which the case mainly turns is, was Stroud guilty of contributory negligence, and did such negligence contribute *proximately* to his injury and death? If it did the plaintiff cannot recover.

Let us put ourselves in the respective situations of the engineer and of Stroud, and view the case from their standpoints. The engineer has a right by law and by experience to say, " The company has a right to a clear track, and to assume that every one yields that right. I pass here back and forth every few minutes; I have not run over any one here; I must attend to my duties; I must oil my valves. Yonder is a man walking *near* my track; he gets out of the way of one train—he is himself and knows what

he is doing. I can safely look off a moment and oil my valve; there is no danger."

It was not reasonable for him to anticipate that Stroud would step on the track in front of the engine; that is, that Stroud would do so *unreasonable* a thing.

From Stroud's standpoint: " I have no business or right here ; no necessity to be here; this is a place of danger, where trains are constantly passing. I know the ground, however, for I have walked here for twenty years. Here comes an engine meeting me; I must get out of the way. Which way shall I go? The Mobile and Ohio switch engine is constantly passing. Let me look and see if it is coming; yes, here it comes; I will go on the other side or walk between the tracks until it passes."

All this a prudent man would have done. A prudent man would have said *as the law says*, " I must not get on the track without looking; if I do I must take the consequences," which would probably be that he would be run over.

*Woods, McIntosh & Williams,* for the appellee.

There is but one question involved in the record of this case for the consideration of this court, for in that all the other matters are involved. That question does not involve the consideration of the doctrine of *comparative negligence,* but alone that of *contributory negligence.*

The doctrine of contributory negligence is this: In order to prevent a recovery the plaintiff's negligence must proximately contribute to the injury. If the sole *immediate* cause of the injury was the defendant's negligence, the plaintiff can recover, notwithstanding previous negligence of his own. That is, where the negligence of the defendant is *proximate* and that of the plaintiff *remote,* the action will be sustained, though the plaintiff is not entirely without fault.

The principle for which we contend is involved in the doctrine of contributory negligence as above defined. It has been so admitted by this court and never denied by it. In *Miss. Cen. Railroad Co.* v. *Mason,* 57 Miss. 247, the court says: " To prevent a recovery the plaintiff's negligence must proximately contri-

bute to the injury.　If the sole immediate cause of the injury was the defendant's negligence the plaintiff can recover, notwithstanding previous negligence of his own." In support of that proposition the court cites a number of authorities, among which is the case of the *Jackson and Vicksburg R. R. Co.* v *Potter*, 31 Miss. 156.

Whether a person being on a railroad track other than at a crossing is negligence must be determined by the circumstances of each particular case.　It may be negligence, or it may not. Moreover, even where negligence on the part of the trespasser on the track has thus been fixed and ascertained, there yet remains this important statement of the law, wholly omitted in the doctrine contended for by the counsel for appellant, viz.: That even as to trespassers and those guilty of negligence a railroad is not absolved from all duty, but as to such, the railroad company will be liable for injuries if the injuries could have been prevented by the use of ordinary care on the part of its agents or servants; or, in other words, if the carelessness or negligence of such agents or servants was the proximate cause of the injuries. ·

Reason and authority alike revolt at the statement that any being, or even a railroad corporation, may inflict injury and death upon a negligent trespasser when the use of ordinary care would have enabled such being to avoid the injury.　This is all we contend for, this was what was involved in the consideration of the demurrer to the declaration, and this was what was bound up in the instructions of the court which is complained of as error.　See *Harlon* v. *St. Louis R. R. Co.*, 65 Mo. 22 ; *Hicks* v. *Pacific R. R. Co.*, 64 Mo. 430 ; *Patterson* v. *Philadelphia R. R. Co.*, 4 Houston (Del.) 103 ; *Kansas Pacific R. R. Co.* v. *Townley*, 3 Colo. 125 ; *Carter* v. *Columbia R. R. Co.*, 19 S. C. 78 ; *E. Tenn., Va. & Ga. R. R. Co.* v. *Toms*, 12 B. J. Lee (Tenn.) 35; *Cleveland, etc., R. R. Co.* v. *Crawford*, 24 Ohio St. 631 ; *Kelly* v. *R. R. Co.*, 75 Mo. 138 ; *Kein* v. *Union R. & Transfer Co.*, 2 Southwestern Reporter 427 ; *Donehew* v. *St. Louis & Iron Mt. R. R.*, Ib. 425 ; *Frazer, Admr., etc.,* v. *South & North Ala. R. R.*, 2 So. Reporter 85 ; *Schutz* v. *Chicago & Northwestern R. R. Co.*, 44 Wis. 638 ; *Marks,*

*Admr.*, v. *St. Paul & Minneapolis R. R.*, 12 Am. & Eng. R. R. Cases 86 ; *Thirteenth & Fourteenth Street Passenger Railway* v. *Boudrou*, 92 Pa. St. 475.

No bell was rung nor any whistle sounded by the M. & O. engineer, the train was running from twelve to twenty-five miles an hour, and neither the engineer nor his fireman saw or behaved as if they saw Stroud until they were upon him, though several witnesses all saw him and his peril and his unconsciousness of it, as did women three hundred or four hundred yards away. No civil liability can ever afford adequate punishment for such a crime, viewed in the light of the testimony of the witnesses.

ARNOLD, J., delivered the opinion of the court.

We consider the declaration to mean that the engineer in charge of the train did not see the deceased in time to stop the train before he was struck, but that he might, or ought to have seen him. In this view the declaration was demurrable. It stated no cause of action. The demurrer to it should have been sustained.

The evidence shows less cause for complaint than the declaration. The verdict is contrary to law and the evidence, and should have been set aside.

A man who voluntarily gets on a railroad track, sixty feet in front of a train moving toward him at a greater rate of speed than six miles an hour, at a point where there is nothing to obstruct the view or prevent him from seeing the train or leaving the track after he is on it, must take the consequences of his own negligence and folly. If injured by the train, under such circumstances, he is not more sinned against than sinning. He does not exercise reasonable or ordinary care. He cannot speculate or experiment, in such manner, with safety, on the chances of others being more prudent than himself, or of others taking better care of him than he does himself. The negligence of the railroad company in running its train at an unlawful rate of speed, was no excuse for the negligence of the deceased.

It was decided in *V. & M. R. R. Co.* v. *McGowan*, 62 Miss. 682, that § 1047 of the code, which prohibits locomotives and cars from

being run through towns, cities, and villages, at a greater rate of speed than six miles an hour, does not impose absolute liability on a railroad company for an injury done while the statute is being violated, without regard to the conduct of the person injured, or the circumstances under which the injury occurred, and that even where a railroad company violates the statute, one who could by the exercise of ordinary care avoid injury by the act of the company, cannot recover for such injury.

According to the declaration and the proof, the deceased was traveling on the railroad track, not for any business connected with the railroad, but for his own convenience. He was not in the exercise of a legal right. He was where he had no right to be. Railroad tracks are not common highways upon which the public may walk or travel, without incurring the perils of an extremely dangerous position. Those who use them for such purpose must do something to protect themselves from injury by moving trains, before they can justly complain of others. They must see, and hear, and get off the track, and out of the way of passing trains, if there is nothing to prevent them from doing so. Physical infirmities, of themselves, do not relieve one from observing the rules of ordinary care for his own safety. The weakness or imperfection of one faculty will not excuse a failure to use the other. Deafness will not operate to palliate a failure to use the sense of sight. When one is conscious that his hearing is defective, instead of exercising less, he should, rather, exercise greater care in other respects. What is lacking in the sense of hearing, must, if possible, be made up by increased vigilance in looking out for danger with the eye. Beach on Contributory Negligence, § 147. Infallibility is not required by law of railroad companies in the conduct of their business. The employees in charge of a railroad train are not bound to stop it every time they see a person on the track. They may not wantonly injure or kill, but they may assume that a man seen on the track, at a place where there is no difficulty in his leaving it, will exercise the common instinct of self-preservation and get off the track before he is reached by the train. If they see him on the track at a place, or under such circumstances, that

he cannot readily leave it in time to avoid injury, or if they discover that for any cause he is unaware of his peril, then they are bound to stop the train, if it can be done ; but a railroad company is not responsible for injuries resulting to a person on account of their employees not seeing him when he is in a place where he has no right to be.

In *Railroad Company* v. *Houston*, 95 U. S. 697, where the suit was brought to recover damages for the death of a woman struck by a train of the company while she was walking on the railroad track in a village, the Supreme Court of the United States said: "If the positions most advantageous for the plaintiff be assumed as correct, that the train was running at an unusual rate of speed, its bell not rung, and its whistle not sounded, it is still difficult to see on what ground the accident can be attributed solely to the negligence, unskillfulness, or criminal intent of the defendant's engineer. Had the train been running at an ordinary rate of speed, it would have been impossible for him to stop the engine when within four feet of the deceased. And she was at the time on the private right of way of the company, where she had no right to be. But, aside from this fact, the failure of the engineer to sound the whistle or ring the bell, if such were the fact, did not relieve the deceased from the necessity of taking ordinary precautions for her safety. Negligence of the company's employees in these particulars, was no excuse for negligence on her part. She was bound to listen or to look, before attempting to cross the railroad track, in order to avoid an approaching train, and not to walk carelessly into the place of possible danger. Had she used her senses, she could not have failed both to hear and to see the train which was coming. If she omitted to use them, and walked thoughtlessly upon the track, she was guilty of culpable negligence, and so far contributed to her injuries, as to deprive her of any right to complain of others. If, using them, she saw the train coming, and yet undertook to cross the track, instead of waiting for the train to pass, and was injured, the consequences of her mistake and temerity cannot be cast upon the defendant. No railroad company can be held for a failure of experiments of that

kind.  If one chooses, in such position, to take risks, he must bear the possible consequences of failure.  Not even a plausible pretext for the verdict can be suggested, unless we wander from the evidence into the regions of conjecture and speculation.  Under these circumstances, the court would not have erred, had it instructed the jury to render a verdict for the defendant."

The doctrine of this case is supported by many authorities, but whether supported or not, it is sound, and conservative of justice and of human life, and must control the cause under consideration.

*The judgment is reversed, the demurrer to the declaration sustained, and the cause dismissed.*