HARRIETT COLLINS ET AL. *v.* ILLINOIS CENTRAL RAILROAD COMPANY.

RAILROADS. *Speed in municipalities.* *Code* 1892, § 3546. *Laws* 1896, p. 76.
   Under Laws 1896, p. 76, amending code 1892. § 3546, making a railroad company liable for injuries resulting from the running of its locomotives or cars, in a municipality, at a speed exceeding six miles an hour, the contributory negligence of the person injured or killed remains available as a defense.

FROM the circuit court of Grenada county.

HON. WILLIAM F. STEVENS, Judge.

Mrs. Collins and her two children, the appellants were the plaintiffs in the court below; the railroad company was defendant there. The suit was for the death of Thomas Collins, the husband of the adult and the father of the infant plaintiffs, who was killed November 8, 1898, by the cars of the defendant, while running, within the limits of an incorporated village, at a rate of speed exceeding six miles per hour. The other facts are sufficiently apparent from the opinion of the court.

*W. C. McLean,* for appellants.

We earnestly press the proposition upon the court that under the Laws of 1896, p. 76, amending § 3546, code of 1892, contributory negligence is not a defense when it is shown that the injury complained of was inflicted while the train was running through an incorporated city or town at a greater rate of speed than six miles an hour. It is a very clear proposition that this statute on its face fixes absolutely the liability of the railroad company when the injury is inflicted whilst the train is running at a greater rate of speed than six miles an hour. The statute is plain, unambiguous, absolute, and positive. The statute is its own interpreter, and the court must enforce the statute as written. *Ita lex scripta est.*

The rule is that when the language of the statute is plain and unambiguous, as said in Sutherland on Statutory Construction, sec. 234: "Bare reading suffices; interpretation is needless." *Koch* v. *Bridges,* 45 Miss., 259; *United States* v. *Hartwell,* 6 Wall., 296; *Lakeland* v. *Rollins,* 130 U. S., 670; *St. Paul M. & M. Co.* v. *Phelps,* 137 U. S., 528; 23 Am. & Eng. Enc. L., 298, 299, 300, 301; *Lemonius* v. *Mayer,* 71 Miss.; *Laird* v. *Railroad Co..* 62 N. H., 254, s.c. 13 Am. St. Rep., 564; *Hooksett* v. *C. R. R. Co.,* 38 N. H., 242; *Rowell* v. *R. R. Co.,* 57 N. H., 132, s.c. 24 Am. Rep., 59; *Ingersoll* v. *S. & P. R. R. Co.,* 8 Allen, 438; *Perley* v. *Railroad Co.,* 98 Mass., 418; *Daniles* v. *Hart,* 118 Mass., 545; *Davis* v. *P. R. R.,* 121 Mass., 136; *M. P. R. R. Co.* v. *Simmons,* 121 Mo., 340; *B. & N. R. R. Co.* v. *Webb,* 18 Neb., 21; 53 Am. Rep., 809; *Congdon* v. *Cent. V. R. R. Co.,* 56 Vt., 390, s.c. 48 Am. Rep., 793; *Cressey* v. *R. R. Co.,* 59 N. H., 564, s.c. 47 Am. Rep., 227; *Rosse* v. *S. F. & D. R. R. Co.,* 68 Minn., 216, s.c. 64 St. Rep., 472; *W. H. & I. R. R. Co.* v. *Williams,* 172 Ill., 379, s.c. 64 Am. St. Rep., 44 and notes.

It is a well-settled rule of the law that the violation of the statute is *per se* negligence—in other words, if the legislature had simply prohibited the running of the cars at a greater rate of speed than six miles an hour, then the violation of such statute would have been *per se* negligence, and under the well-settled rules of law contributory negligence in such cases would have been a defense; in other words, if the statute simply prohibited the unlawful speed, then the law would be the same as under the present statute, if it be that contributory negligence is held to be a defense.

Is it not clear if the legislature had intended that contributory negligence should be a defense that it would have contented itself by simply prohibiting the unlawful rate of speed? And is not the very fact that it added the latter clause to the prohibition *per se* conclusive of the legislative intent to impose absolute liability for the violation of the statute?

To say that contributory negligence is a defense is to say that no penalty attaches for the violation of the statute.

The court in *Vicksburg, etc., Ry. Co.* v. *McGowan,* 62 Miss., 682, discusses the absolute liability of the railway company for violation of § 2421, code of 1871. The court on page 494 says, in discussing the question: "It is difficult to believe that the legislature intended to prescribe such a rule, and thus to abrogate without express declaration to that effect the well-settled rule of the common law that one cannot recover for the negligence of another, if by reasonable care he could have avoided injury from it. We rather think that the purpose of the legislature in declaring liability for damages was out of abundant caution to exclude the contention that the penalty recovered by the town was exclusive of the right to civil redress by the citizen." It is true that the court in that case broadly intimated that contributory negligence would be a defense even if the penalty clause in favor of municipality had not been inserted, yet at the same time it is submitted that while the construction placed by the court in *Vicksburg, etc., Railway Co.* v. *McGowan,* supra, upon the statute as it then existed was correct, yet it by no means follows that the statute in its present shape should receive such a construction. It may be that the legislature in adopting § 1047, code of 1880, and in bringing it forward into the code of 1892, attaching the liability clause to the statute, intended only that the penalty given to cities and towns should not be an exclusive penalty for the violation of the section.

The statute in its present shape, however, does not impose any penalty whatever in favor of any city or town, consequently it is "straining at a gnat and swallowing a camel," to say that the legislature does not mean anything by preserving in the statute the liability clause.

The law is as well settled that running at an unlawful rate of speed is negligence as it is that contributory negligence bars recovery. How, then, can it be logically argued that the leg-

islature intended to make contributory negligence a defense when the statute upon its very face imposed absolute liability? We contend that the legislature, instead of intending to make contributory negligence a defense, intended to exclude this defense, for the reason that we find no exception in the statute.

*Mayes & Harris,* for appellee.

It is perfectly manifest from the facts in this case that the deceased was guilty of contributory negligence, which should prevent a recovery.

Counsel for the appellant attempts to have this court reverse a long line of decisions, beginning with the case of *McGowan* v. *Railway Co.,* 62 Miss., 682, decided in 1885, and coming down to the present term of this court.

Sec. 3546 of the code of 1892 is an exact reproduction of § 1047 of the code of 1880. Each of these code sections imposed a penalty of $100, to be recovered in the name of the city, town or village, for its use, for the violation of the law, and provided further: "And the company shall be liable for damages for injury which may be sustained by any one by such locomotive and cars while they are running at a greater rate of speed than six miles an hour through any city, town or village."

Chapter 63 of the Laws of 1896 is an exact reproduction of the language of § 3445, code of 1892, and § 1047, code of 1880, except that it leaves out the words, "and if passing through any city, town or village any locomotive or cars shall be run at a greater rate of speed the company shall be liable for $100, to be recovered by suit in the name of the city, town or village, for its use." In other words, the legislature of 1896 amended the code of 1892 so as to take off the penalty. The words used by the lawmakers in the amendment had received judicial interpretation for over ten years, and for over ten years it had been held over and over again, at nearly every term of the court, that contributory negligence was a defense under

this statute, the precise language being under consideration by the court. Therefore, under a familiar rule of construction, it must be held that the language used in the amendment was intended to bear that construction which the courts have put upon it before, and if they had intended to have adopted a different rule they would have used language indicating their purpose.

The rule of construction on this line is too clear to argue. It is a fundamental and elementary rule and applies not only to judicial construction by a state of its statutes, but where it adopts the statute of another state, which has received the construction in the state from which the statute is taken, it adopts the statute with the construction which has been put upon it by the state from which it is taken. *Shotwell* v. *Covington,* 69 Miss., 735; *Wetherbee* v. *Roots,* 72 Miss., 355.

Beginning with *McGowan* v. *Railroad Co.,* above referred to, we find the rule therein laid down followed in *Stroud* v. *Railway Co.,* 64 Miss., 784; *Crawley* v. *Railroad Co.,* 70 Miss., 340; *Jobe* v. *Railroad Co.,* 71 Miss., 734; *French* v. *Railroad Co.,* 69 Miss., 121; *Winterton* v. *Railroad Co.,* 73 Miss., 831; *Howell* v. *Railroad Co.,* 75 Miss., 242; *Jones* v. *Railroad Co.,* 75 Miss., 970.

Counsel for the appellant seems to overlook the fact that the legislative purpose, as shown by the act itself, was not to add to the rigor, but to ameliorate the statute; was not to add penalties, but to take them away.

Argued orally by *W. C. McLean,* for appellant, and *J. B. Harris,* for appellee.

CALHOON, J., delivered the opinion of the court.

Notwithstanding the very exceptionally able and forceful arguments, oral and written, of counsel for appellant, we adhere to the decision in *McGowan* v. *Railroad Co.,* 62 Miss., 682, and the numerous cases following and approving it. It

was decided fifteen years ago. No intervening legislature has interfered with the doctrine it announces. The acts of 1896, simply eliminating the penalty for running more than six miles per hour through municipalities, does not change the principle. If this had been designed the legislature would have said "without regard to mere contributory negligence of the party injured," as is said in code, § 3548, in relation to "kicking" switches. Moreover, we think the facts showing contributory negligence of the grossest kind stronger here than in McGowan's case. The deceased jumped off the platform and ran into a train not on a crossing. He never was on the track, but ran so close that the cross beam or some part of the engine struck and killed him.

*Affirmed.*