## BRINKLEY *v.* SOUTHERN RY. CO.

[74 South. 280, Division B.]

TRIAL. *Peremptory instructions. Evidence.*

Under Code 1906, section 4043, providing that a railroad company shall be liable for damages sustained by any one from a locomotive or cars running at a greater speed than six miles an hour within the corporate limits of a city or town. In an action for damages to an automobile left upon a railway right of way within corporate limits, the court held that under the facts of the case set out in this record, it was for the jury to say whether or not the injury would have occurred had the railroad been operated at a lawful rate of speed.

APPEAL from the circuit court of Tishomingo county. HON. CLAUDE CLAYTON, Judge.

Suit by W. J. Brinkley against the Southern Railway Company.

From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*W. L. Elledge,* for appellant.

*W. H. Kier* and *Earl King,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

W. J. Brinkley filed a suit in the circuit court of Tishomingo county against the Southern Railway Company for damage done to an automobile owned by the plaintiff in the corporate limits of the city of Iuka in said county. The facts show that the plaintiff's automobile had been driven upon the right of way of the defendant along its depot and in front of a hotel situated to the south of the right of way of the railroad company, and from which hotel to the place of the injury was a driveway, which was used for many years by the public in going from the depot to the hotel and *vice versa.* The chauffeur left the

automobile near enough to the track to be struck by one of its trains and went into the hotel for some purpose. On coming out of the hotel he perceived the train of the defendant approaching from the east, and ran to the automobile and attempted to crank the automobile and get it moved out of the zone of danger. The automobile failed to fire at the first three crankings, and the train was so near that the chauffeur could not make another effort. The train approached from the east, entered the corporate limits some three-fourths of a mile from the place of the injury, and was running at a high rate of speed, variously estimated at twenty-five to forty miles per hour, and was running at a rate of speed at the time of the injury, of from fifteen to twenty-five miles per hour, according to the testimony of witnesses. The chauffeur testified that if the train had been running at six miles an hour, as required by statute, from the time he discovered the approach of the train some six hundred yards to the east of the place of the injury, he could have gotten the automobile out of the way and the injury would not have occurred. It was in testimony, by several witnesses, that if the automobile had been placed three or four feet further north than where it was, the injury would not have occurred regardless of the rate of speed at which the train was being operated. In this state of the record, and without the defendant putting its engineer on the stand at all or introducing any testimony, a peremptory instruction was granted for the defendant. Section 4043 of the Code of 1906 limits railroads to six miles an hour within incorporated limits of a city, town or village, and prescribes that the company shall be liable for damages or injury which may be sustained by any one from such locomotive or cars while they are running at a greater rate of speed than six miles an hour through any city, town, or village. This statute was enacted for the purpose of public protection, and it was the duty of the railroad company to obey it. Whether the injury would have occurred or not had the railroad been operating at a law-

ful speed on the proof in this record was a question for the jury, there being positive testimony that it would not have occurred had the train been running at such speed. The peremptory instruction was unwarranted on this record, and the case is reversed and remanded.

*Reversed and remanded.*