Yazoo & Mississippi Valley R. Co. *v.* Aultman.

(Division A. March 22, 1937.)

[173 So. 280. No. 32655.]

110

Ratcliff & Ratcliff, of Natchez, **E. C. Craig**, of Chicago, Ill., and **Burch, Minor & McKay**, of Memphis, Tenn., for appellant.

**Engle & Laub,** of Natchez, for appellee.

114

Currie & Currie, of Hattiesburg, for appellee.

116

Argued orally by **E. H. Ratcliff** and **C. H. McKay,** for appellant, and by **S. B. Laub** and **Neil T. Currie,** for appellee.

**McGowen, J.,** delivered the opinion of the court.

The appellee, Howard H. Aultman, recovered a substantial judgment against the appellant, the Yazoo & Mississippi Valley Railroad Company, because of injuries sustained by a collision between an automobile and the train at a public street crossing in Port Gibson, Miss.

The declaration charged appellant with negligence which caused the injuries to appellee in four counts: (1) The train of appellant was being operated in a restricted area at a greater rate of speed than 6 miles per hour; (2) that appellant failed to give the statutory warning for the crossing; (3) that appellant failed to erect and maintain proper stop signs as required by the statute at crossings; and (4) that appellant failed to stop its train after the accident, and that a combination of all the negligent acts approximately caused the injuries.

The plea to this declaration was the general issue.

As we have determined that this case must be reversed and remanded for another trial, we do not deem it necessary to give a detailed statement of the facts.

Aultman, a student in college, was riding as a guest with White, the driver of the automobile, going east over Church street in Port Gibson, which street is a public highway. This automobile collided with a freight train proceeding north. The evidence of White and Aultman tended to establish that they collided with the engine of the freight train on a crossing while the train was being operated at a speed of 15 to 20 miles per hour, and that there was no whistle blown or bell rung as required by statute, and that the Mississippi stop law sign did not comply with the requirements of the statute.

The evidence of the engineer, fireman, and brakeman was that no collision, so far as they were aware, and the brakeman said he was riding on the pilot for the purpose of making a switch, had occurred with the engine, and that appellee's bell had been rung and its whistle

blown, and that the train was being operated at less than 6 miles per hour. The brakeman testified that the crossing is within the restricted area.

There was evidence of several witnesses that 80 yards from the crossing the automobile was being operated at a speed varying from 50 to 75 miles per hour.

The driver of the automobile said he had slowed down, and that if the law had been complied with, the collision would have been avoided. Both witnesses for appellee were positive that they did not strike a box car, but struck the engine.

The testimony of Aultman and White was contradicted by a stenographer who took down a statement made by them, which was never read to them after being transcribed. This statement was to the effect that they struck a box car.

There was contradiction on all of the material facts.

1. We are of the opinion that since the facts of this case are in sharp conflict, it was a question for the jury, and we cannot say that the verdict was against the overwhelming weight of the evidence.

2. Appellant complains of the giving of certain instructions, upon which we think it necessary to make some comment. Instruction No. 7 reads as follows: "The court instructs the jury for the plaintiff in this case that even though you may believe from a preponderance of the evidence in this cause that the plaintiff was guilty of contributory negligence on said occasion at the time he received the injuries herein complained of, and you further believe from a preponderance of the evidence in this cause that the defendant was also guilty of negligence on said occasion in neither blowing its whistle or ringing its bell at a distance of three hundred yards from said crossing so that same could be heard at said crossing, and in failing in keeping either said bell ringing or in failing in keeping said whistle blowing continuously until said crossing was passed, *or was otherwise guilty of negligence on said occasion*, which was the proxi-

mate cause of the injury sued for by the plaintiff, yet such contributory negligence of the plaintiff will not bar a recovery by the plaintiff from the defendant, but damages for the plaintiff shall be diminished by you in proportion to the amount of negligence attributable to the plaintiff.''

The criticism of this instruction is as to the italicized words, which opened the door wide for the jury to depart from the pleading and proof. It is said by counsel for the appellee that this instruction is literally copied from an instruction in another case which was affirmed by this court.

We do not now say that we would reverse this case on account of this instruction, but we do say that it is exceedingly dangerous to announce to a jury that it may depart from the proof, and the facts of the case cited by counsel for appellee may have been very different from those in the case at bar. For that reason, it is unwise for a trial court not to confine the case to the precise issues therein.

3. It is next contended that the court below erred in granting instructions Nos. 13 and 14 for the appellee. Instruction No. 13 reads as follows:

''The court instructs the jury for the plaintiff that any railroad company having the right of way may run locomotives and cars by steam through cities, towns and villages, at the rate of six miles per hour and no more; *and the company shall be liable for any damages or injury which may be sustained by anyone* from such locomotive or cars whilst they are running at a greater speed than six miles per hour through any city, town or village. The Railroad Commission shall have power to fix and prescribe limits in cities, towns and villages in which railroad companies may run locomotives and cars by steam at a greater rate than six miles an hour, and whenever it shall have fixed and prescribed such limits in any city, town or village, the foregoing shall not

thereafter apply to the running of cars and locomotives by steam within the said city, town or village."

Instruction No. 14 reads as follows: "The court instructs you for the plaintiff that in the municipality of Port Gibson, Mississippi, The Yazoo and Mississippi Valley Railroad Company may run their trains at a rate of speed exceeding six miles per hour within the limits of said Port Gibson, except over public road North of old Compress and Main Streets, and first street South of Main and between the same."

Appellant's objections to these instructions is twofold, first, that there is no proof in the record that the crossing on Church street is within the speed restricted district fixed by the Railroad Commission, and, second, that these instructions omitted the element of proximate cause.

There is no merit in the first contention. On the second contention, we find no instruction which amends or modifies instruction No. 13 which imposes liability if the train was being operated at a greater rate of speed than 6 miles per hour in the restricted areas. Both instructions omit the qualification that the speed of the train was the proximate cause of the accident, or a contributing proximate cause thereto.

While it is true that instruction No. 13 is, to all practical effects, a literal copy of section 6130, Code 1930, such an instruction was under consideration by this court in the case of Vicksburg & M. R. R. Co. v. McGowan, 62 Miss. 682, 52 Am. Rep. 205, wherein it was held that liability was not absolute under this statute. Again and again the rule announced in the McGowan Case, supra, has been adhered to by this court. See the McGowan Case, supra; Mobile & O. R. R. Co. v. Stroud, 64 Miss. 784, 2 So. 171; Alabama & V. R. R. Co. v. Summers, 68 Miss. 566, 573, 10 So. 63; Howell v. I. C. R. R. Co., 75 Miss. 242, 21 So. 746, 36 L. R. A. 545; Jones v. I. C. R. R. Co., 75 Miss. 970, 23 So. 358; Alabama & V. R. R. Co. v. Carter, 77 Miss. 511, 27 So. 993; Collins v.

I. C. R. R. Co., 77 Miss. 855, 27 So. 837; Clisby, Use of Home Ins. Co., v. M. & O. R. R. Co., 78 Miss. 937, 29 So. 913; Farquhar v. Alabama & V. R. Co., 78 Miss. 193, 28 So. 850; L., N. O. & T. R. R. Co. v. Caster (Miss.), 5 So. 388; Miss. Cent. R. R. Co. v. Robinson, 106 Miss. 896, 64 So. 838; Illinois C. R. R. Co. v. Watson (Miss.), 39 So. 69; Brinkley v. So. Ry. Co., 113 Miss. 367, 74 So. 280.

In the case at bar, the railroad company relied strongly upon its evidence that the speed of the train was not the proximate cause of the accident, because of the excessive speed of the automobile, together with the fact that the collision did not, as the railroad company contends, occur with the engine, but with a box car after the engine had crossed the track, and the box cars of the train occupied the crossing.

On instruction No. 13, the jury might have concluded that they were bound to find the railroad company liable, even if the automobile struck the caboose of this long freight train. The error in this instruction was fatal.

Reversed and remanded.