McDonough Motor Express, Inc., *v.* Spiers.

(Division B. Nov. 1, 1937.)

[176 So. 723. No. 32870.]

Ford & Ford, of Pascagoula, for appellant.

Gex & Gex, of Bay St. Louis, and **J. E. Stockstill**, of Picayune, for appellee.

Argued orally by **E. J. Ford** for appellant and by **W. J. Gex, Jr.**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee brought this action in the circuit court of Hancock county against appellant to recover damages for a personal injury caused by the collision of one of appellant's freight trucks and a small truck driven by one Whitfield and in which appellee was riding, alleged to have been brought about by the negligence of the driver of appellant's freight truck. The trial resulted in a verdict and judgment in the sum of $5,000. From that judgment, appellant prosecutes this appeal.

Highway No. 11 runs approximately northeast and southwest through the city of Picayune. The witnesses

refer to it as the north and south road, and we shall so treat it. On the west side of the highway in the city of Picayune there are some wholesale houses, including warehouses. Appellee resides about six miles in the country from Picayune. One Whitfield agreed to haul some fertilizer for him and undertook the job; Whitfield driving and appellee riding in the truck with him. The fertilizer was loaded at the Thigpen-Whitfield warehouse in Picayune, one of the warehouses referred to above. In loading the fertilizer the rear of the truck was west of the highway, and after the loading was finished Whitfield undertook to back his truck so as to get on the highway. At that time one of appellant's large trucks with a trailer attached was traveling north on the highway, going to Meridian. There was a collision between the two trucks; the rear of the Whitfield truck striking appellant's truck at about the point where the trailer was attached.

Appellee was injured by the collision. According to Dr. Fountain's testimony, the injury consisted of the dislocation of the right sacroiliac joint in the back in the lumbar region, and a subdislocation of the subvertebrae in the neck. Dr. Fountain also testified that by these injuries appellee was permanently disabled.

The negligence charged in the declaration was that the appellant's truck was being driven in excess of 30 miles an hour, and on the left side of the center line of the highway, and running through the municipality in disregard of the rights of other persons. The testimony for appellee tended to show that the appellant's truck was traveling at a speed of from 40 to 45 miles an hour, and that for appellant that it was traveling at a speed of only 7 to 15 miles an hour. There was a conflict in the testimony as to whether appellant's truck at the time of the collision was traveling on the west or east side of the highway.

Appellee obtained the following two instructions, the giving of which is assigned and argued as reversible error:

"The court instructs the jury, for the plaintiff that if you believe from a preponderance of the evidence that the defendant is liable to the plaintiff in this action, then in assessing damages against the defendant you may take into consideration the pain and suffering of the plaintiff, his mental anguish, if any, the bodily injury sustained by him, his pecuniary loss, his loss of power and capacity for work, if any, and its effect upon his future."

"The court instructs the jury for the plaintiff that if you believe from a preponderance of the evidence in this cause, that plaintiff was injured by reason of the negligent, careless and unlawful manner in which the motor vehicle of the defendant herein was being operated at the time of the collision between the two motor vehicles involved in said cause, if you further believe from a preponderance of the evidence herein that said defendant's motor vehicle was being operated in a negligent, careless and unlawful manner at the time of said collision; and if you further believe from a preponderance of the evidence herein that such negligent, careless, and unlawful manner in which said defendant's motor vehicle was being operated was the sole proximate cause of said injury, then you shall find for the plaintiff."

The only other instructions granted appellee was one on the form of the verdict, and the "nine juror verdict" instruction.

The appellant obtained only three instructions. In one the jury were told that appellee and Whitfield were engaged in a joint enterprise, and if they believed from the evidence that Whitfield negligently drove his truck into appellant's truck, and the latter was guilty of no negligence which contributed to the collision, it was their duty to find a verdict for appellant. In another, the jury

were told that if they believed from the evidence that the sole cause of the collision was brought about by "the negligence, if any, on the part of the driver of the Whitfield truck in which plaintiff was riding, then it is your sworn duty to find a verdict for the defendant"; and the other instruction was on the form of the verdict.

It will be observed that nowhere in the given instructions for either party were the grounds relied on in the declaration for recovery referred to. For appellee the jury were informed, in substance, that any negligence whatsoever in the manner in which appellant's truck was being driven which proximately contributed to appellee's injury would authorize a recovery. There was no ordinance of the city of Picayune in evidence prescribing the maximum speed of motor vehicles within its limits. The statutes therefore apply; and in the absence of such an ordinance the maximum speed was 30 miles an hour, and, where closely built up, 20 miles an hour. Section 5569, Code of 1930. There is no statute requiring the driver of a motor vehicle to keep to the right of the center of the road, except in passing other vehicles. Section 5574, Code of 1930.

It was the duty of appellee to have the court inform the jury what was necessary to make out the case stated in the declaration. This was not done. There was no obligation on the part of appellant to do it. The jury were left entirely at sea as to what character of negligence was necessary to be proven in order to authorize appellee to recover; just any negligence was sufficient under appellee's instructions, provided it proximately contributed to the collision. This defect was not cured by any instructions obtained by appellant. The jury were not required to go to the declaration, nor elsewhere, except the instructions given by the court, in order to ascertain the grounds relied on by appellee as the basis of recovery. Southern R. R. Co. v. Ganong, 99 Miss. 540, 55 So. 355; Baldwin v. McKay, 41 Miss. 358; Young v. Pow-

er, 41 Miss. 197; Yazoo & M. V. R. R. Co. v. Cornelius, 131 Miss. 37, 95 So. 90.

We are not dealing with a case where no instructions were asked or given for the party suing, but a case where the plaintiff undertook to have the court inform the jury as to the governing legal principles, and fell short of doing so, to the extent that the jury were left without a guide.

Reversed and remanded.

**Anderson, J.**, delivered the opinion on suggestion of error.

It is true that the truck in which appellee was riding backed into the warehouse and therefore faced the highway, and the collision occurred when it was coming out, while the converse was stated in the opinion, and it is also true that the court was not aware of the existence of chapter 332, Laws of 1932, of which section 9 is a part. It is impossible for the members of the court to keep in mind all the statutory laws of the state. The briefs in this case made no reference whatever to the statute. In the suggestion of error appellee admits that his counsel was derelict in that respect.

Section 9 of chapter 332, Laws of 1932, provides, in substance, that all motorbusses and motortrucks shall be operated on the right-hand side of the middle line of the highway, except when passing motor vehicles proceeding in the same direction, or in avoiding obstructions, or washouts existing on the side of the road on which the bus or truck is traveling, or when in wet weather to so operate would be injurious to gravel roads, but such bus or truck shall allow full and unimpeded clearance of half the width of the roadway at all times whenever another vehicle, of whatever kind, desires to pass such bus or truck, either traveling in the same or opposite direction. However, the conclusion reached by the court

would have been the same had it known of the existence of the statute, and of the fact that the truck faced the highway instead of the warehouse.

The trouble with appellee's position is that he undertook by his instructions to inform the jury of the law of his case, and fell short to the extent that the instructions were calculated to mislead the jury. The jury should have been informed as to what constituted excessive speed—more than twenty miles an hour in any municipality, section 5569, Code of 1930—and that motor trucks were required to keep on the right-hand side of the center line of the highway, except under the conditions named in section 9 of chapter 332, Laws of 1932, and, if they believed from the preponderance of the evidence that appellant violated either of these statutes and that such violation proximately contributed to the collision and injury, they should find a verdict for the plaintiff. This was not done. The jury were left entirely to guess at what constituted negligence under the law.

Suggestion of error overruled.