MERIDIAN CITY LINES, et al. *v.* BAKER.

In Banc. Mar. 28, 1949.

(39 So. (2d) 541)

Dunn & Singley, for appellant, City of Meridian; Gillespie & Minniece, for appellant, Meridian City Lines.

62

64

Gilbert & Cameron and Gibson B. Witherspoon, for appellee.

74

**Hall, J.**

Appellee brought suit against Louis Wilson, Meridian City Lines, Inc., and City of Meridian, a municipal corporation, for the recovery of damages resulting from per-

sonal injuries sustained by him when an automobile of Louis Wilson, in which he was riding as a guest, collided with a tree projecting 2.7 feet into the traveled portion of 31st Avenue, a public thoroughfare of said city. The declaration charged negligence on the part of the City of Meridian in maintaining the street with this dangerous obstruction; it charged negligence against Meridian City Lines, Inc., a corporation engaged in operating buses for hire as a common carrier within said city, in two respects, viz., (1) in failing to cause its bus to dim the headlights thereon while meeting the Wilson car at the time of the accident, and (2) in failing to cause its bus to be turned reasonably to the right of the center of the street, as a consequence of which Wilson was caused to drive his automobile into the tree; it charged negligence against Wilson in failing to stop his automobile when blinded by the bus lights.

Upon the trial Wilson testified that he was not blinded by the bus lights, and there was other evidence which tended to show that the bus lights on this occasion were not on high beam or bright; there was evidence to sustain the other charge of negligence against the bus line and also to sustain the charge of negligence against the city. The jury returned a verdict against the city and the bus line and absolved Wilson of negligence. From a judgment thereon the city and the bus line have appealed, but there is no appeal from the judgment in Wilson's favor.

The appellants both complain at the alleged action of the trial court in refusing to grant each of the defendants four peremptory challenges to the jury. At the beginning of the trial the record shows that each of the defendants requested four peremptory challenges to the jury; the trial court informed counsel for the several defendants that he would allow four challenges to all three of them and requested that they retire and try to agree among themselves as to how these challenges would be divided between them, but further stated that if they were unable to agree they should come back and advise

the court of their disagreement and that he would then see what he could do about it. Counsel for all the defendants retired and came back and accepted the jury after exercising only three challenges, and at no time reported to the court any disagreement among themselves and at no time made a request for any further challenges. They did not exhaust the four challenges allotted to them. ██ The trial court cannot be put in error upon such a showing. Since the appellants did not use the four challenges which were allowed them, they were not prejudiced and cannot complain. Mississippi Central R. Co. v. Aultman, 173 Miss. 622, 645, 160 So. 737; Hubbard v. Rutledge, 57 Miss. 7.

██ Both appellants also complain at the action of the trial court in entering judgment upon the verdict which was returned by the jury. The jury first returned this verdict: "We, the jury, find for the plaintiff against Meridian City Lines $3500, and against City of Meridian $3500, a total of $7,000." Since in this state there can be no apportionment of damages against joint tort-feasors, as held in Mississippi Central Railroad Co. v. Roberts, 173 Miss. 487, 160 So. 604, the trial court did exactly what that case holds should be done, that is to say, the court declined to accept this verdict and requested the jury to retire for further consideration of the case and to read all of the instructions of the court pertaining to the form of verdict which they might render. The jury retired and after further deliberation returned this verdict: "We, the jury, find for the plaintiff as against Meridian City Lines, Inc., and City of Meridian, defendants, and assess his damages at $7,000, ($3500 each). We, the jury, find for the defendant, Louis Wilson, not guilty of any negligence." Upon that verdict the court entered a judgment in favor of plaintiff and against Meridian City Lines, Inc., and City of Meridian, jointly and severally, in the amount of $7,000, and discarded as surplusage that portion of the verdict which said "($3500 each)"

and the court also entered judgment in favor of the defendant Wilson.

It is contended by the appellants that the last verdict was still an effort on the part of the jury to apportion the damages, while the appellee claims that the action of the trial court was correct in discarding as surplusage "($3500 each)." The authorities upon this point are not in harmony, but in 52 Am. Jur., Torts, Sec. 124, page 460, it is said that the numerical weight of authority is that the trial court is entitled to treat all the matter after the finding of joint liability as surplusage. In our opinion this is the better rule and is supported by the decisions of this court. In Windham v. Williams, 27 Miss. 313, this court said, "Here everything is ascertained which the law requires in order to render a judgment upon the verdict. If more is found than is necessary it may be disregarded as surplusage, but it does not vitiate that which is necessary and well found." This case was cited with approval in Louisville & Nashville R. Co. v. King, 119 Miss. 79, 80 So. 490. While the facts in those cases were not identical with the facts here, nevertheless the principle announced is applicable, for here the jury found that the plaintiff had been damaged in the amount of $7,000 and that the bus line and the city were jointly and severally liable for that amount. This is everything that the law requires, and, while the jury found more than was necessary in adding to their verdict "($3500 each)", this does not vitiate that which was well found by the jury and it may be disregarded and treated as surplusage. There are numerous decisions from other jurisdictions which support this view. A number of them may be found in 52 Am. Jur. page 460, note 6. We direct particular attention to one of those, as well as a few of the others not mentioned in that note. In the case of Hall v. McClure et al., 112 Kan. 752, 212 P. 875, 30 A. L. R. 782, the jury returned a verdict "We, the jury, find for the plaintiff against the defendants and assess the amount of plaintiff's recovery from the defendants at $4,000; Isa-

dore Walder, doing business under the firm name and style of Superior Cleaning & Dyeing Company, $3,500, and the City of Kansas City, Kansas, $500." In a well reasoned case, reviewing numerous authorities, including Windham v. Williams, supra, the Supreme Court of Kansas held that judgment was properly entered against both defendants for the sum of $4,000 and that the jury's attempt to apportion the damages was properly disregarded as surplusage.

In the case of Bakken v. Lewis, et al., 223 Minn. 329, 26 N. W. 2d 478, 482, where a jury returned a general verdict of $30,000 against all the defendants and handed up with the general verdict a writing which said, "The jury find for the plaintiff, and against the defendant, Frank Rehse, in the sum of $7,500.00. Against the defendants, Cecil Lewis and Duane Lewis, in the sum of $22,500.00", the Supreme Court of Minnesota said, "We are of the opinion that the attempted apportionment by the jury was mere surplusage and did not vitiate the general verdict."

The exact situation reflected in the instant case was found in Atherton v. Crandlemire et al., 140 Me. 28, 33 A. 2d 303, 305, where the jury returned a general verdict for $800 against two defendants and then added the words "$400 each." The court quoted with approval from another Maine case [Currier v. Swan et al., 63 Me. 323] as follows: "The jury undoubtedly undertook to apportion among the defendants what part of the verdict each of them, as between themselves, should pay. This amounted only to a recommendation. If it was intended as anything else, it is merely surplusage, and is to be rejected as irregular and void. The general verdict must stand."

In Lake Erie & W. R. Co. v. Halleck, 78 Ind. App. 495, 136 N. E. 39, 40, the jury returned this verdict: "We, the jury, find for the plaintiff against both of the defendants, and assess her damages at $800; Lake Erie & Western Railroad Co., $700; John Jordan, $100." The court quoted the general rule from Gould on Pleading and said,

"Under the rule above cited, which is supported by the weight of judicial authority, that part of the verdict by which the jury attempted to apportion the damages must be treated as surplusage, and does not vitiate that which is necessary and well found." Many authorities were cited by the court to support this holding.

In Pennsylvania Railroad Co. v. Logansport Loan & Trust Co., Administrator, 29 F. (2d) 1, 3, the Circuit Court of Appeals for the seventh circuit said: "The jury . . found a verdict for the plaintiff in the sum of $25,000, and provided that it should be apportioned $15,000 to the widow and $10,000 to the daughter of the deceased. This apportionment was unwarranted and may be treated as surplusage."

In view of the above authorities and the numerous other authorities therein cited, we are of the opinion that the trial court committed no error in accepting the general verdict for $7,000 and in disregarding as surplusage the attempt of the jury to apportion the amount equally between the two defendants.

 It is contended also by both parties that the verdict for $7,000 is so excessive as to manifest bias and prejudice on the part of the jury. The record shows that the plaintiff sustained a serious fracture of his left leg at a point above the knee. There was evidence to justify the jury in finding that this injury not only caused intense pain and suffering but also that it has left him seriously impaired and that this impairment is probably permanent. In view of all the testimony we are unwilling to hold that the damages awarded are excessive.

 The City of Meridian did not request a peremptory instruction but in its motion for a new trial raised the point that the verdict against it is contrary to the overwhelming weight of the evidence, and urges here as error that the court should not have overruled that motion. The record shows without dispute that 31st Avenue, on which this accident occurred, is only twenty feet in width from curb to curb; that it is paved for this

entire width and that the paving was laid about twenty years ago; that there is a large tree in the west margin of the pavement and approximately half of the body of this tree lies to the west of the curb line, which is straight; that the curb, which is six inches in height, runs up to about the center of the tree on each side and stops at the tree; an engineer testified as to measurements made by him, and the accuracy of these measurements is not challenged; they show that the body of the tree extended 2.7 feet east out into the traveled portion of the street; a number of photographs of the scene were also introduced without objection or challenge.as to accuracy and they portray a situation from which we find that the jury was abundantly warranted in finding the city guilty of negligence in permitting such a permanent traffic hazard in the traveled portion of its street and in further finding that this negligence proximately contributed to appellee's injury, particularly in view of the narrow width of the street as hereinafter discussed. The city's motion for a new trial was therefore properly overruled.

Both appellants also complain at the action of the trial court in the granting of several instructions. These have all been carefully examined and we find no prejudicial error in any of them except the following which pertains only to the negligence charged against Meridian City Lines, Inc.: ''The court charges the jury for the plaintiff that the Meridian City Lines, Inc., as the operator for hire of passenger buses over the streets and avenues of said city, owed to the public in the lawful use of said highways the duty of exercising reasonable care and caution in the operation of its said buses so as to avoid injuries to others and in this case if the jury believes from the preponderance of the evidence that the defendant, Meridian City Lines, Inc., negligently failed in the performance of this duty and as a direct and proximate cause thereof injuries were occasioned to this plaintiff, or if the jury believes from a preponderance of the evidence that this defendant's negligence, if any, or failure

to exercise reasonable care proximately caused or contributed in whole or in part to the injuries sustained by the plaintiff, if any, then the verdict of the jury should be against this defendant, Meridian City Lines, Inc., and in favor of this plaintiff.''

In considering the propriety of this instruction it must be remembered that the bus line was charged with two acts of negligence as hereinabove set out, one being with reference to its alleged failure to dim the headlights on the bus, and the other being with reference to its alleged failure to cause the bus to be turned reasonably to the right of the center of the street. The evidence failed to sustain the first charge as having contributed to the injury and the court instructed the jury that it could not find against the bus line because of any condition of the lights; this left the case against the bus line solely upon the charge that it negligently failed to cause its bus to be turned reasonably to the right of the center of the street when meeting the Wilson car. There was a conflict in the evidence upon this point; the proof for the appellee was to the effect that 31st Avenue runs north and south, that Wilson was driving south on the west half of the street and the bus was being driven north; that an automobile was parked against or near the curb on the east side of the street a short distance south of the tree in question; that the bus, as it traveled north, came around this parked car and over on the west side of the center of the street as the Wilson car approached from the opposite direction and did not completely turn back upon the east half of the street before meeting Wilson, and that Wilson, in order to avoid a collision with the bus, turned his car almost against the west curb of the street, and, as a consequence thereof, was caused to strike the tree. While the evidence was in conflict on these facts, as above stated, we are of the opinion that it was sufficient to justify the trial court in submitting to the jury the question whether the bus line was negligent in failing to cause the bus to be turned and kept reasonably to the east

of the center of the street, and whether such negligence proximately contributed to Wilson's collision with the tree, for the proof did disclose that the extreme width of a standard automobile is 6.08 feet and that the extreme width of the bus was 7.92 feet, and even in the absence of the tree there was hardly sufficient room for both automobiles and the bus to have been abreast of each other within the twenty-foot space between the east and west curbs of the street.

It is argued by the bus line that the quoted instruction was erroneous as to it because this instruction did not announce to the jury the law as to the bus line's duty with reference to keeping on the east side of the center of the street. We have carefully read all the instructions to the jury and we find that the jury was never instructed as to this duty. ██ █ The quoted instruction simply told the jury, in general terms, that it was the duty of the bus line to use reasonable care and caution in the operation of its buses so as to avoid injury to others, and it authorized the jury to find against the bus line if it believed from a preponderance of the evidence that a failure to exercise reasonable care proximately caused or contributed to the plaintiff's injury. By this instruction the jury was left to grope in the darkness, without any light to guide them, on the question of negligence of the bus line, and if in the nebulous maze of the wilderness the jury should grasp any act which it felt constituted a lack of reasonable care, it was authorized to adjudge the bus line guilty of negligence. It has been repeatedly held by this court that in negligence cases the instructions must confine the deliberation of the jury to the ground or grounds of negligence alleged and which are supported by substantial proof. We quote briefly from two of the cases so holding; many others are cited in these two cases.

In McDonough Motor Express, Inc., v. Spiers, 180 Miss. 78, 176 So. 723, 725, 177 So. 655, this Court said: ''It will be observed that nowhere in the given instructions for

either party were the grounds relied on in the declaration for recovery referred to. For appellee the jury were informed, in substance, that any negligence whatsoever in the manner in which appellant's truck was being driven which proximately contributed to appellee's injury would authorize a recovery. . . . It was the duty of appellee to have the court inform the jury what was necessary to make out the case stated in the declaration. This was not done. There was no obligation on the part of appellant to do it. The jury were left entirely at sea as to what character of negligence was necessary to be proven in order to authorize appellee to recover; just any negligence was sufficient under appellee's instructions, provided it proximately contributed to the collision. This defect was not cured by any instructions obtained by appellant. The jury were not required to go to the declaration, nor elsewhere, except the instructions given by the court, in order to ascertain the grounds relied on by appellee as the basis of recovery. Southern R. Co. v. Ganong, 99 Miss. 540, 55 So. 355; Baldwin v. McKay, 41 Miss. 358; Young v. Power, 41 Miss. 197; Yazoo & M. V. R. Co. v. Cornelius, 131 Miss. 37, 95 So. 90.''

And in New Orleans & N. E. R. Co. v. Miles, 197 Miss. 846, 20 So. (2d) 657, 658, it is said: ''When negligence is the subject of the action, the instructions must confine the verdict to the ground or grounds of negligence alleged and in support of which there has been substantial proof. 1 Reid's Brannon Instructions to Juries, p. 325, sec. 117. In Hines v. McCullers, 121 Miss. 666, 676, 83 So. 734, the Court said that this rule is elementary. It is elementary, and for obvious reasons, that an instruction which will allow a jury to find negligence without giving a guide as to what specific acts or omissions within the pleadings and proof are sufficient to constitute actionable negligence is erroneous. In support of the rule as stated we need go no further than to cite the apt and forcible language of McGowen, J., in Graham v. Brummett, 182 Miss. 580, 591, 181 So. 721. To the same effect, however,

is McDonough Motor Express v. Spiers, 180 Miss. 78, 176 So. 723, 177 So. 655, and Ross v. Louisville & N. R. Co., 181 Miss. 795, 181 So. 133, 134—it being pointed out in the latter case that an instruction which does not conform to the rule 'not only opens the field to any sort of negligence but as well to what the particular jury under its particular notions might deem to be negligence, although not such under the established law of the land.' See also Yazoo & M. V. R. Co. v. Aultman, 179 Miss. 109, 120, 173 So. 280.''

From the foregoing views it follows that the judgment against Meridian City Lines, Inc., should be reversed and the cause remanded, but that the judgment against City of Meridian should be affirmed.

Affirmed as to City of Meridian. Reversed and remanded as to Meridian City Lines, Inc.