RAWLINGS, et al. *v.* ROYALS.

May 19, 1952.

No. 38311 (58 So. (2d) 820)

Robt. G. Gillespie, J. Knox Huff, Jr., and Watkins & Eager, for appellants.

Snow & Covington, for appellee.

## Hall, J.

This suit was brought by Dr. T. E. Royals for the recovery of damages to his Chrysler automobile when it was struck broadside by a taxicab operated by Homer Jay. The defendants in the suit were Mrs. Alice B. Rawlings, engaged in business under the name of White Top Cab Co., and Homer Jay, the driver, and R. H. Thompson. The trial court gave a peremptory instruction in favor of R. H. Thompson and the jury returned a verdict against the other defendants for $625, from which they appeal.

Dr. Royals died while the appeal has been pending in this Court and by a written agreement of the parties

Mrs. Elizabeth Royals Singley, as the sole and only heir at law of Dr. Royals, has been substituted as appellee and the cause revived in her name the same as if she were the personal representative of deceased duly appointed by the Chancery Court.

In the lower court the defendants filed a plea of res judicata in which they set up the fact to be that Homer Jay had filed a suit, No. 4938 on the docket of the Circuit Court, wherein he sought damages for personal injuries sustained by him in the same collision, and that this suit had resulted in a judgment in favor of Homer Jay and against Dr. Royals in the sum of $750. This judgment was rendered about a week before trial of the suit now before us and at the same term of court when the present case, No. 4939, was tried. The plaintiff filed a motion to strike said plea and this motion was sustained by the trial court. That action is the first ground of error assigned.

In the recent case of Palmer v. Clarksdale Hospital, Miss., 57 So. (2d) 476, 478, not yet reported in the State Reports, we said: ██ ██ ''The essentials necessary to constitute res judicata are well settled by the decisions of this Court. They are (1) identity in the thing sued for; (2) identity in the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in the persons for or against whom the claim is made. Brown v. Attala Drainage District No. 2, 185 Miss. 386, 187 So. 529; Jones v. George, 126 Miss. 576, 89 So. 231.''

██ ██ It will readily be seen that three of the essentials necessary to constitute res judicata are lacking in this case. First, there is no identity in the thing sued for; Jay sued for the recovery of damages for personal injuries, while Dr. Royals sued for the recovery of damages to his automobile. Second, there is no identity in the cause of action for the reasons just stated. And, third, there is no identity of persons and parties to the action. In the prior judgment relied upon by appellants the parties were Jay as plaintiff and Royals as defendant;

340

in the suit now before us the parties were Royals as plaintiff and Mrs. Rawlings, J. and Thompson as defendants. We conclude, therefore, that the trial court committed no error in sustaining the motion to strike the plea of res judicata.

The next assignment is that the trial court erred in granting the following instruction to plaintiff: ▉ ▉ "The court instructs the jury for the plaintiff that if you believe from a preponderance of the evidence in this case that the defendant Jay was guilty of any negligence whatever contributing to the accident, and to the damage to Dr. Royals' automobile, it will be your duty as jurors to return a verdict in favor of the plaintiff." This instruction is clearly erroneous for the reason that it would allow the jury to find negligence without giving any guide as to what acts or omissions within the pleadings and proof are sufficient to constitute actionable negligence. It simply turned the jury loose to grope in the darkness without any light to guide them as to what would or would not be negligence. Such an instruction has been condemned by this Court on so many different occasions that it is surprising that plaintiffs' attorneys will continue to request it and trial courts will continue to grant it. The following are some of the cases in which we have condemned it: Meridian City Lines v. Baker, 206 Miss. 58, 39 So. (2d) 541, 8 A. L. R. (2d) 854; McDonough Motor Express, Inc. v. Spiers, 180 Miss. 78, 176 So. 723, 177 So. 655; Southern Railway Co. v. Ganong, 99 Miss. 540, 55 So. 355; Baldwin v. McKay, 41 Miss. 358; Young v. Power, 41 Miss. 197; Yazoo & M. V. R. R. Co. v. Cornelius, 131 Miss. 37, 95 So. 90; New Orleans & N. E. R. R. Co. v. Miles, 197 Miss. 846, 20 So. (2d) 657; Hines v. McCullers, 121 Miss. 666, 83 So. 734; Graham v. Brummett, 182 Miss. 580, 181 So. 721; Ross v. Louisville & N. R. R. Co., 181 Miss. 795, 181 So. 133; Yazoo & M. V. R. R. Co. v. Aultman, 179 Miss. 109, 173 So. 280.

▉ ▉ A review of the foregoing authorities shows that in those cases where the other instruction did not

correctly inform the jury as to the acts or omissions constituting negligence we have held the error to be prejudicial and have entered orders of reversal; on the other hand, in some of the cited authorities, where the instructions as a whole did correctly inform the jury as to what would constitute negligence, we have held that the granting of an instruction similar to that above quoted did not constitute such prejudicial error as to require a reversal. After a careful review of all the instructions granted in the case at bar we have reached the conclusion that the jury was correctly charged as to the applicable law on negligence and consequently we will not reverse this case, but again we drop a word of warning to the trial judges throughout the state against the granting of such an instruction. ▮▮ Instructions should be confined to the issues of fact and law applicable to the case and should not deal in such unrestrained generalities.

Appellants also assign as error the granting of three other instructions to plaintiff. We have examined these and are of the opinion that they correctly announce the law and are not subject to criticism.

Appellants' next contention is that the proof of damages is insufficient to support the verdict and that the amount awarded is purely speculative. ▮▮ This is based upon the fact that the repair bill amounted to only $426.77. The plaintiff's proof, however, by a qualified automobile repair man, is to the effect that his automobile was worth from $2000 to $2100 immediately prior to the collision and approximately $1000 immediately after the collision. The proof further shows that the frame of the automobile was bent and that the car was not worth as much after the repairs as it was before the wreck. Consequently, we are of the opinion that the proof is sufficient to support the verdict.

▮▮ The next assignment is that the trial court erred in refusing to grant a mistrial when one of plaintiff's witnesses mentioned the matter of insurance. As

stated at the outset, one of the defendants was R. H. Thompson. In an effort to show that Thompson was the owner of the taxicab and had a city permit for its operation, the plaintiff offered as a witness the Assistant City Clerk and Treasurer who testified that more that five months prior to the collision in question this city had issued permit No. 111 to R. H. Thompson on the taxicab in question. The witness was then asked whether he could tell from the records available whether the permit had been discontinued under this registration number; he replied "That particular automobile, Mr. Singley, the only thing we had the insurance policy for the full year, the insurance policy, the one taken up; consequently we assume * * *''. Thereupon counsel for the defendants requested that the jury be retired and made a motion for a mistrial. The trial judge overruled the motion and assigned as the reason therefor that the statement regarding insurance was volunteered by the witness and that the attorney did not try to elicit the statement, but advised counsel that he would give any instructions to the jury which might be requested of him touching upon the matter. It will be noted that the only reference to the matter of insurance was a policy carried by R. H. Thompson; there was no reference whatever to any insurance policy protecting Mrs. Rawlings or Homer Jay. At the conclusion of the evidence the trial court granted a written peremptory instruction in favor of Thompson and a verdict and judgment was entered in his favor. From the voluntary statement of the witness the jury might well have inferred that, while Thompson was protected by insurance, neither Mrs. Rawlings nor Jay was so protected and that, when Thompson was peremptorily discharged from liability, any judgment against Mrs. Rawlings and Jay would have to be paid by them personally. It may be that such an impression by the jury resulted in a verdict for only $625 instead of a larger amount. While the mention of insurance carried by Thompson might have been prejudicial error if he had

remained as a defendant in the case and a judgment had been rendered against him, we are of the opinion that neither Mrs. Rawlings nor Jay was prejudiced by the voluntary mention of Thompson's insurance.

Appellants contend, lastly, that the trial court erred in refusing two instructions requested by them. Each of these instructions would have peremptorily charged the jury that Dr. Royals was guilty of negligence which proximately contributed to the damage to his automobile. Whether he was or was not guilty of negligence was a disputed question of fact. The plaintiff's evidence was sufficient to justify the jury in finding that he was guilty of no negligence; the evidence for defendants was sufficient to support a finding that Dr. Royals was guilty of negligence which proximately contributed to the collision. Such conflicts in the evidence are wisely submitted for solution to a jury and where the evidence is conflicting and is sufficient to support either contention a peremptory charge should never be granted. Farmer v. Cumberland Tel. & Tel. Co. 86 Miss. 55, 38 So. 775; Anderson v. Cumberland Tel. & Tel. Co., 86 Miss. 341, 38 So. 786; Bolling v. Red Snapper Sauce Co., 97 Miss. 785, 53 So. 394; Hayes v. Slidell Liquor Co., 99 Miss. 583, 55 So. 356; Gravette v. Golden Saw Mill Trust, 170 Miss. 15, 154 So. 274; Caldwell v. Smith, 200 Miss. 711, 28 So. (2d) 657.

The judgment of the lower court is accordingly affirmed.

Affirmed.

Roberds, P. J., and Lee, Arrington and Ethridge, JJ., concur.