DRAUGHN, et al. *v.* LEWIS

No. 42913 March 9, 1964 161 So. 2d 626

*M. M. Roberts,* Hattiesburg, for appellants.

*James Finch,* Hattiesburg, for appellee.

McELROY, J.

This is an appeal from the Circuit Court of Forrest County, Mississippi, where the appellee was awarded a judgment in the amount of $10,000, the original demand in the declaration being $10,593.51.

The appellee, F. E. Lewis, was injured on November 19, 1960 in the Standard Drug Store, owned and operated by appellants, in the city of Hattiesburg, Mississippi. He fell while attempting to leave the lunch counter from a revolving, attached stool. The lunch counter, or soda fountain, was an ''L-shape'', and had stationary stools with revolving seats and without backs along it. The counter extended several inches over a footrest, which was approximately 4 to 6 inches in height and 4 inches in width, and was covered with some type of floor covering or linoleum. The appellee was on the occasion an invitee in the building, having gone there for the purpose of having a cup of coffee.

The appellee, prior to the injury, was in good physical condition. He was employed as a watchmaker at a jewelry store and earned $110 per week.

The declaration in part states:

''. . . on the afternoon of November 19, 1960, he was seated at the soda fountain counter of the Standard Drug Store . . . having purchased a cup of coffee, and that when he finished his coffee he turned upon the revolving stool for the purpose of proceeding to the cashier's stand to pay for his coffee when his right heel suddenly and unexpectedly became inbedded in a worn place in the linoleum which had been placed at the top of the footrest connected to the soda fountain counter, and that as a result he was violently and forcibly thrown to the hard-surfaced floor of said Drug Store, with the result that he then and there sustained a severe injury

to the knee of his left leg, and with the result that the kneecap will not remain in a normal position but continues to be dislocated, thereby producing severe and violent pain and mental anguish.''

The appellee was in the hospital for several days. He claims it will take serious surgery to relieve the damaged condition of the kneecap of his left leg, and that the accident has made him a cripple, requiring him to use a knee brace. Appellee has been under the treatment of several doctors, and his medical bills have amounted to almost $1,000.

Appellee's contention is that for several months prior to the injury the defendants carelessly and negligently permitted the footrest adjacent to the soda fountain counter to remain in a dangerous condition, in that several large holes, some 4 or 5 inches in diameter, had worn through the linoleum, because of the constant use of customers in placing their feet upon the footrest when they were seated on the stools. He stated that since the injury the defendants have repaired the defective condition, and have placed new linoleum over the worn and dangerous footrest.

■■ ■ The appellants contend that they were entitled to a peremptory instruction because there was not enough evidence for the case to go to the jury. Since this case is to be reversed on other grounds, we will not outline the testimony. We believe there was sufficient evidence for the case to go to the jury, in accordance with the following cases: Seymour v. Gulf Coast Buick, Inc., 246 Miss. 805, 152 So. 2d 706; Williamson v. F. W. Woolworth Co., 237 Miss. 141, 112 So. 2d 529; Patterson v. Sayers, d/b/a The Concord Hotel, 223 Miss. 444, 78 So. 2d 467; Gulfport Winn-Dixie, Inc. et al. v. Taylor, 246 Miss. 332, 149 So. 2d 485; Mississippi Winn-Dixie Supermarkets v. Hughes, 247 Miss. 575, 156 So. 2d 734.

The appellants complain of the action of the trial court in granting several instructions. These have been

carefully examined, and we find no prejudicial error in any except the following, which pertain only to the negligence in a general way. The instructions are:

"The Court instructs the Jury for the Plaintiff that if you believe from a preponderance of the evidence and testimony in this case that the defendants failed to exercise reasonable diligence to keep their premises in a reasonably safe condition for use by an invitee then the defendants were negligent; and if you further believe from a preponderance of the evidence and testimony in this case that as a direct result of said negligence the plaintiff sustained damages, if any, then you should find for the plaintiff in an amount that would reasonably compensate him for his damages, if any."

"The Court instructs the Jury for the Plaintiff that if you believe from a preponderance of the evidence and testimony in this case that the defendants failed to exercise reasonable diligence to keep their premises in a reasonably safe condition for use by an invitee then the defendants were negligent; and if you further believe from a preponderance of the evidence and testimony in this case that the negligence, if any, of the defendants caused or contributed to damages, if any, sustained by the Plaintiff then you should find for the Plaintiff."

These instructions simply told the jury in general terms that if they believed from a preponderance of the evidence that the defendants in this case failed to exercise reasonable diligence to keep their premises in a reasonably safe condition for use by an invitee, then the defendants were negligent. In Meridian City Lines v. Baker, 206 Miss. 58, 39 So. 2d 541, a similar instruction was in question. There the Court stated, at p. 83:

"By this instruction the jury was left to grope in the darkness, without any light to guide them, on the question of negligence of the bus line, and if in the nebulous maze of the wilderness the jury should grasp any act which it felt constituted a lack of reasonable

care, it was authorized to adjudge the bus line guilty of negligence. It has been repeatedly held by this court that in negligence cases the instructions must confine the deliberation of the jury to the ground or grounds of negligence alleged and which are supported by substantial proof. We quote briefly from two of the cases so holding; many others are cited in these two cases.

"In McDonough Motor Express, Inc., v. Spiers, 180 Miss. 78, 176 So. 723, 725, 177 So. 655, this Court said: 'It will be observed that nowhere in the given instructions for either party were the grounds relied on in the declaration for recovery referred to. For appellee the jury were informed, in substance, that any negligence whatsoever in the manner in which appellant's truck was being driven which proximately contributed to appellee's injury would authorize a recovery. . . . It was the duty of appellee to have the court inform the jury what was necessary to make out the case stated in the declaration. This was not done. There was no obligation on the part of appellant to do it. The jury were left entirely at sea as to what character of negligence was necessary to be proven in order to authorize appellee to recover; just any negligence was sufficient under appellee's instructions, provided it proximately contributed to the collision. This defect was not cured by any instructions obtained by appellant. The jury were not required to go to the declaration, nor elsewhere, except the instructions given by the court, in order to ascertain the grounds relied on by appellee as the basis of recovery. Southern R. Co. v. Ganong, 99 Miss. 540, 55 So. 355; Baldwin v. McKay, 41 Miss. 358; Young v. Power, 41 Miss. 197; Yazoo & M.V.R. Co. v. Cornelius, 131 Miss. 37, 95 So. 90.'

"And in New Orleans & N.E.R. Co. v. Miles, 197 Miss. 846, 20 So. (2d) 657, 658, it is said: 'When negligence is the subject of the action, the instructions must confine the verdict to the ground or grounds of neg-

ligence alleged and in support of which there has been substantial proof. 1 Reid's Brannon Instructions to Juries, p. 325, sec. 117. In Hines v. McCullers, 121 Miss. 666, 676, 83 So. 734, the Court said that this rule is elementary. It is elementary, and for obvious reasons, that an instruction which will allow a jury to find negligence without giving a guide as to what specific acts or omissions within the pleadings and proof are sufficient to constitute actionable negligence is erroneous. In support of the rule as stated we need go no further than to cite the apt and forcible language of McGowen, J., in Graham v. Brummett, 182 Miss. 580, 591, 181 So. 721. To the same effect, however, is McDonough Motor Express v. Spiers, 180 Miss. 78, 176 So. 723, 177 So. 655, and Ross v. Louisville & N.R. Co., 181 Miss. 795, 181 So. 133, 134 — it being pointed out in the latter case that an instruction which does not conform to the rule "not only opens the field to any sort of negligence but as well to what the particular jury under its particular notions might deem to be negligence, although not such under the established law of the land." See also Yazoo & M.V.R. Co. v. Aultman, 179 Miss. 109, 120, 173 So. 280.'" See Gore v. Patrick, 246 Miss. 715, 150 So. 2d 169.

 We believe these instructions failed to tell the jury what facts would constitute negligence on the part of appellants. It allowed the jury to determine questions of law as well as questions of fact. The case is therefore reversed and remanded.

Reversed and remanded.

*Kyle, P. J., and Gillespie, Brady and Patterson, JJ.,* concur.