Bush Construction Company, et al. *v.* Walters

No. 43613          October 25, 1965          179 So. 2d 188

*Melvin, Melvin & Melvin,* Laurel, for appellants.

*Maxey & Clark,* Laurel, for appellees.

GILLESPIE, J.

Mrs. Jeanette J. Walters and her minor daughter, Kimberly Sue Walters, hereinafter referred to as plaintiffs, sued Bush Construction Company, a corporation, hereinafter referred to as Bush, for the wrongful death of John Miles Walters, deceased, husband and father of plaintiffs. The trial court entered a judgment on a jury verdict in favor of plaintiffs for $97,500, and Bush appealed.

The accident in which John Miles Walters was killed also resulted in the death of two children of John Miles Walters, deceased, and Mrs. Jeanette J. Walters. In a former suit, plaintiffs sued Bush for the wrongful death of Sherry Lynn Walters, one of the children killed in the same collision. The jury in that case found for the plaintiffs and Bush appealed to this Court where

the judgment was affirmed on condition of remittitur. Bush Construction Co. v. Walters, 250 Miss. 384, 164 So. 2d 900 (1964). The principal question for our decision in this case is whether the trial court was correct in granting a peremptory instruction that Larry Musgrove, driver of the Bush truck, was guilty of negligence proximately contributing to the collision and death of John Miles Walters. This raises the question whether Bush is collaterally estopped from contending that Larry Musgrove was not guilty of negligence in the present case. We hold that it was error to grant a peremptory instruction as to Musgrove's negligence and that the doctrine of collateral estoppel does not apply.

The evidence on behalf of plaintiffs was that the Bush truck driven by Musgrove was travelling about sixty miles an hour as it approached and entered the intersection, and that the automobile driven by John Miles Walters entered the intersection first from the north when the Bush vehicle was some distance to the west. ██ █ The evidence on behalf of Bush showed without dispute that John Miles Walters drove his automobile into said intersection without stopping at a stop sign. The evidence tended to show that Walters drove his vehicle into the intersection from a side road into the through highway when the Bush truck, travelling at a reasonable rate of speed, was so close to the intersection as to create an immediate hazard. The evidence was substantially the same as in the former case. The weight of the evidence sustains the contentions of Bush, but we are of the opinion that it was a jury question whether Bush's driver was guilty of negligence proximately contributing to the collision.

At the conclusion of the testimony for both parties, the court granted the following instruction for plaintiffs: "The court instructs the jury for the plaintiff that the driver of the gravel truck was guilty of negligence that proximately contributed to the collision and resulting death of John Miles Walters."

At the time this case was tried in the circuit court, the case of Bush Construction Company v. Walters, supra, had been decided by this Court. The trial judge correctly stated that the former case arose out of the same collision, the parties were the same, and the evidence substantially the same in the two cases. He was of the opinion that the law of the case had been determined by this Court in that case and on that basis granted the aforementioned peremptory instruction.

The trial court was in error in holding that the decision rendered by this Court in the former case became the law of this case. The two cases arose out of the same accident and parties were the same, but they were different cases. Plaintiffs elected to file a suit for the death of Sherry Lynn Walters and a separate suit for the death of John Miles Walters. The doctrine of the law of the case is confined in its operation to subsequent proceedings in the same case. Continental Turp. & Rosin Co. v. Gulf Naval Stores, 244 Miss. 465, 142 So. 2d 200 (1962).

Appellees rely on the doctrine of collateral estoppel. They contend that the question of the negligence of the driver of the Bush truck was an essential element in the former case and that issue was actually determined by the valid and final judgment in that case, and under the collateral estoppel aspects of the doctrine of res judicata, Bush is estopped from again relitigating the same issue in this suit.

The collateral estoppel aspect of the doctrine of res judicata has been given considerable attention by this Court in the recent cases of Johnson v. Bagby, 252 Miss. 125, 171 So. 2d 327 (1965) ; Garraway v. Retail Credit Co., 244 Miss. 376, 141 So. 2d 727 (1962), and Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 87 So. 2d 289 (1956). Those cases are authority for the proposition that where a question essential to a judgment is actually litigated and determined by a valid and final judgment, that de-

termination is conclusive between the same parties or their privies in a subsequent suit on a different cause of action.

■■ ■ Appellee did not plead or rely on collateral estoppel in the trial court. That is sufficient reason to decline the application of the doctrine in this Court, however, we determine the applicability of the doctrine for the guidance of the trial court on retrial.

In the first *Garraway* suit, the questions of malice and bad faith and privilege were litigated and determined by a valid final judgment, but the court held that these issues could be relitigated under the particular circumstances. The Court held that the nature and purpose of the prior action required the narrowing of the application of the doctrine of collateral estoppel.

In the prior *Bush Construction Company* case, supra, the only negligence issue was whether Musgrove, driver of the Bush truck, was guilty of some negligence proximately contributing to the collision in which Sherry Lynn Walters was killed. The question of the contributory negligence of John Miles Walters was not involved. In this case, the issues of negligence were different in that the negligence of John Miles Walters would require the jury to diminish the damages in proportion to the amount of negligence attributable to John Miles Walters. Miss. Code Ann. § 1454 (1956). Only a part of the overall negligence issue involved in the second case was litigated in the prior case. A very similar situation was involved in *Johnson v. Bagby,* supra, and this Court held that the doctrine of collateral estoppel did not apply.

The contributory negligence of John Miles Walters was not essential to the prior judgment and was not litigated in that suit. The comparative negligence statute was not involved. We are of the opinion that it would confuse the issues to apply the doctrine of collateral estoppel in this case. Moreover, its application would not serve the purposes underlying the doctrine. It would

not end the litigation, for all the evidence had to be introduced in the second case so that the jury could properly determine the issues of negligence and damages. Vaughan v. Bollis, 221 Miss. 589, 73 So. 2d 160 (1954).

We conclude that the doctrine of collateral estoppel should not be applied to this case because of the difference between the issues of negligence in the two cases, which differences also involve the question of damages under the comparative negligence statute. The cases relied on by appellees are not controlling.

The court refused an instruction requested by the defendant that John Miles Walters failed to stop at the stop sign before entering into Highway 588, and if the jury believed from the evidence that the failure to stop was the sole proximate cause of the injuries and death of the deceased, the jury should find for the defendants. We are of the opinion that the defendants were entitled to a peremptory instruction that John Miles Walters failed to stop at the stop sign because the evidence is uncontradicted that he did fail to stop. If this was the sole cause of the accident the jury should have found for the defendants.

Appellants complain of the refusal of a requested instruction appearing in the record at page 42, based on Mississippi Code Annotated section 8197 (1956). We are of the opinion that the court committed no error for the instruction is not worded in accordance with the requirements of the statute. We are of the opinion that defendant was entitled to an instruction based on said code section if it had been properly drawn.

Appellants contend that the lower court erred in granting plaintiffs the following instruction: ''The court instructs the jury for the plaintiff that under the law of the State of Mississippi that if the driver of the gravel truck was guilty of negligence which proximately contributed to the collision, then your verdict will be

for the plaintiff." This instruction is erroneous for the reason that it failed to tell the jury what would constitute negligence on the part of the driver of the gravel truck. It allowed the jury to make its own law on the question of negligence. We find no other instruction curing this error. Meridian City Lines v. Baker, 206 Miss. 58, 39 So. 2d 541 (1949); Annot., 8 A.L.R. 2d 854 (1949).

We do not reach the question of the amount of damages. The case is reversed and remanded for a new trial on all issues.

Reversed and remanded.

*Lee, C. J., and Brady, Patterson and Inzer, JJ.,* concur.