ROBERTSON, Justice:
Milton Blair, a minor, by his mother and next friend, brought suit against Mario S. Critelli, Linda D. Uzzle, and Thomas L. Beavers in the Circuit Court of Warren County for injuries sustained in an automobile-truck collision while Blair was a guest passenger in the automobile driven by Beavers. After a full trial the jury returned a verdict against Mario Critelli and *605 Thomas L. Beavers for $3,250. Critelli was the only defendant who was represented by counsel at the trial and the only defendant who contested the suit. Critelli is the only defendant appealing- from .the judgment of the court below.
The accident in which the appellee was injured occurred about 1 p.m. on January 11, 1966, on Grove Street in Vicksburg, Mississippi. Grove Street runs east and west, and the point of impact was just east of .the intersection of Grove Street and Third Street North. Grove Street is a paved street, thirty feet wide from curb to curb. It is a three-lane street having a parking lane on the south side and .two traffic lanes. The north lane of the street is the westbound traffic lane, and the center lane is the eastbound traffic lane. There are “No Parking This Side of Street” signs along the north side of Grove Street.
On the afternoon of January 11, which was a clear and dry day, Mrs. Linda Uzzle temporarily stopped her Pontiac automobile in the westbound traffic lane next to the north curb of Grove Street in order to let out Patricia Nevels at her home. She observed the signs saying “No Parking This Side of Street” and kept the motor running. The right front door was not completely closed and she leaned over to close the door.
An old Chevrolet was parked on the south side of Grove Street almost opposite the Uzzle automobile. Beavers was driving his 1956 Ford west on Grove Street, and Milton Blair, appellee, was sitting on the front seat with Beavers listening to .the radio. Critelli was traveling east on Grove Street in his 1962 Ford pickup truck.
Beavers said he noticed the Uzzle Pontiac stopped on the north side of Grove Street when he was about 30 feet from it and he pulled out to go around it. When the center of his car was opposite and about a foot from the front of the Uzzle car, his car collided with the Critelli truck. Beavers testified that he may have been a little over the center of the street when the left front of his car hit the left front of the Ford pickup truck. The force of the impact caused the rear end of the Ford truck to swing around to the south, and the right rear of the Beavers’ Ford was forced into the left front door of the Uzzle Pontiac.
City Policeman J. H. Guimbellot officially investigated this accident. He testified that Grove Street was thirty feet wide from curb to curb, that there were “No Parking” signs up and down the north side of Grove Street, that the north lane of Grove Street was the westbound traffic lane, that the middle lane was the eastbound traffic lane, and that the only legal parking lane was along the south side of Grove Street. He arrived on the scene shortly after the accident before the cars had been moved. He observed that Beavers’ Ford was partially over what would be the center of Grove Street and partially in the south half of the street, that the Uzzle Pontiac was on the north side of Grove Street, and that the rear bumper of Critelli’s Ford pickup was just about on the curb of the south side of Grove Street.
All witnesses, Mrs. Uzzle, Beavers, Blair, Critelli, and Officer Guimbellot, testified that they knew that there were “No Parking” signs along the north side of Grove Street.
Mrs. Linda Uzzle testified that she saw in her rearview mirror that Beavers was too close to her car as he passed “and I felt pretty sure that he was going to hit it.” She didn’t see the Critelli truck .till after the collision.
The specific charges of negligence against all three defendants are set forth in the Plaintiff’s declaration as follows:
“ * * * and when said automobile in which your Plaintiff was a passenger was approximately sixty (60) feet East of the intersection of Grove Street and 3rd North Street in Vicksburg, Mississippi, it encountered a vehicle which was illegally parked on the North side of Grove Street by Linda D. Uz- *606 zel, Defendant, said illegally parked vehicle by Linda D. Uzzel partially blocked the passage of the Beaver’s automobile, thereby causing the Beaver’s automobile to have to turn more to the middle of said Grove Street in order to pass the Uzzel vehicle; that at the same time and place a 1965 Ford pickup, being driven by the Defendant, Mario S. Critelli, was proceeding in an Easterly direction on Grove Street, approaching the place where Defendant, Thomas L. Beavers, was endeavoring to pass the illegally parked Uzzel vehicle, and said Defendant, Mario S. Critelli, was not keeping a proper lookout, did not have his vehicle under easy and safe control, and did not drive said pickup in its lawful land (sic) of traffic, but was driving down the middle of Grove Street and as a proximate result of the joint and concurrent negligence of Mario S. Critelli, Linda D. Uzzel and Thomas L. Beavers, as aforesaid, the Beaver’s automobile and the Critelli pickup collided in the middle of Grove Street by the side of the Uzzel automobile, and the force of the impact drove the Beavers’ automobile sideways and backwards into the Uzzel automobile, which was illegally parked on Grove Street, as aforesaid. As a direct and proximate result of the joint and concurrent negligence of the three Defendants, as aforesaid, your Plaintiff, Milton Blair, was thrown about in the Beavers’ automobile and sustained serious personal injuries, as will be hereinafter shown.”
Seven errors were assigned by Appellant Critelli. The only error assigned that merits extended discussion was the granting of Instructions 2, 4 and 6 for the plaintiff.
Instruction No. 2 is as follows:
“The Court instructs the jury for the Plaintiff, that the law is that when two people operating motor vehicles approach each traveling upon the streets in opposite directions that it is the duty of each to turn his motor vehicle reasonably to his right side, and if you believe from the preponderance of the evidence in this case that the Defendant, Mario S. Critelli, was meeting the Beavers’ automobile, on Grove Street, in Vicksburg, Mississippi, on January 11, 1966, about 1 P.M., wherein Plaintiff was a passenger, and that Mario Critelli, Defendant, failed to reasonably turn his truck to the right on said Grove Street and that such failure, if any, to turn said truck to the right, if any, resulted in a collision between the Beavers’ automobile and the Critelli truck then it is your sworn duty to find for the Plaintiff, and against Mario S. Critelli, Defendant.”
If such an instruction were applicable, the authority for such an instruction would be Sections 8181 and 8182, Mississippi Code of 1942 Annotated. But Section 8181 contains 4 exceptions to the requirement to drive on the right half of the roadway.
Section 8181 provides in part, as follows:
“Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows :
******
3. Upon a roadway divided into three marked lanes for traffic under the rules applicable thereon.”
Section 8182 provides:
“Drivers of vehicles proceeding in opposite directions shall pass each other to the right and upon roadways having width for not more than one line of traffic in each direction each driver shall give to the other at least one-half of the main traveled portion of the roadway as nearly as possible.”
The testimony of Officer Guimbellot was that, while the lanes were not definitely marked as such, Grove Street was a three-lane street with two traffic lanes, and one parking lane along the south side of Grove Street. The north lane was the official westbound traffic lane, and the middle lane was the official eastbound traffic lane. The *607 testimony of all witnesses was that they knew about the “No Parking” signs all along the north side of Grove Street.
While Instruction No. 2 might contain a good statement of an abstract principle of law for highways no more than two lanes wide, it is not applicable to a city street with two traffic lanes and one parking lane. Such an instruction was not applicable to the issues and pleadings and was not supported by substantial evidence in this case. It was, therefore, erroneous for the court to grant this instruction to the plaintiff. Yazoo & Mississippi Valley R. R. Co. v. Aultman, 179 Miss. 109, 173 So. 280 (1937); Hunt v. Sherrill, 195 Miss. 688, 15 So.2d 426 (1943); New Orleans & N. E. R. R. Co. v. Miles, 197 Miss. 846, 20 So.2d 657 (1945); Gore v. Patrick, 246 Miss. 715, 150 So.2d 169 (1963).
Instruction No. 4 for the plaintiff is:
“The Court instructs the jury for the Plaintiff, Milton Blair, that the driver of an antomobile or truck must have his vehicle under such reasonable control as would enable him to avoid an accident which might have been reasonably foreseen by the exercise of ordinary care; and if you believe from a preponderance of the evidence that the Defendant, Mario S. Critelli, could have reasonably foreseen the occcurrence of the accident haere (sic) complained of and could have avoided the accident had Mario S. Critelli, exercised reasonable and ordinary care in keeping a lookout for other vehicles, and that such failure, if any, was a proximate or contributing cause of the accident, then it is your sworn duty to find for the Plaintiff, as against Mario S. Critelli, Defendant.”
This instruction apparently is an attempt to take advantage of the “last clear chance” doctrine, but this is not a case under the pleadings and facts where such doctrine would apply. This instruction attempts to apply the test of reasonable foreseeability as the test of negligence on the part of Critelli. It does not describe the accident that Critelli was supposed to foresee ; it merely refers to it in this language: “Could have reasonably foreseen the occurrence of the accident here complained of and could have avoided the accident.” This instruction is subject to the same criticism as Instruction No. 2; it is not applicable to the pleadings and is not supported by the evidence in this particular case. It was erroneous to grant Instruction No. 4.
The next instruction complained of is Instruction No. 6 for plaintiff. That instruction is as follows:
“The Court instructs the jury for the Plaintiff that if you believe from a preponderance of the evidence in this case that Mario S. Critelli, Linda D. Uzzel and Thomas L. Beavers failed to exercise ordinary and reasonable care in the operation of their vehicles on Grove Street in Vicksburg, Mississippi, on January 11, 1966, about 1 P.M., and that such failure, if any, proximately caused or contributed to the collision between all three vehicles of the Defendants, then you are under a sworn duty to find for the Plaintiff and against all three Defendants.”
The granting of this instruction was clearly erroneous. Note the vague and general language used, “failed to exercise ordinary and reasonable care in the operation of their vehicles” and “that such failure, if any, proximately caused or contributed to the collision between all three vehicles of the Defendants, then you are under a sworn duty to find for the Plaintiff and against all three Defendants.”
A similar vague and general instruction on negligence was soundly condemned in the case of Meridian City Lines, et al. v. Baker, 206 Miss. 58, 83, 39 So.2d 541, 545 (1949). In that case this Court said:
“The quoted instruction simply told the jury, in general terms, that it was the duty of the bus line to use reasonable *608 care and caution in the operation of its buses so as to avoid injury to others, and it authorized the jury to find against the bus line if it believed from a preponderance of the evidence that a failure to exercise reasonable care proximately caused or contributed to the plaintiff’s injury. By this instruction, the jury was left to grope in the darkness, without any light to guide them, on the question of negligence of the bus line, and if in the nebulous maze of the wilderness the jury should grasp any act which it felt constituted a lack of reasonable care, it was authorized to adjudge the bus line guilty of negligence. It has been repeatedly held by this court that in negligence cases the instructions must confine the deliberation of the jury to the ground or grounds of negligence alleged and which are supported by substantial proof.” (emphasis added).
Other cases, condemning such a vague and general instruction, are: Illinois Central R. R. Co. v. Gibson, 219 Miss. 815, 820-821, 70 So.2d 52, 54 (1954); Gore v. Patrick, et al., 246 Miss. 715, 723, 150 So.2d 169, 171-172 (1963); Draughn, et al. v. Lewis, 248 Miss. 834, 839-840, 161 So.2d 626-627-628 (1964); Mississippi State Highway Commission v. Engell, 251 Miss. 855, 863, 171 So.2d 860, 863 (1965); Federal Compress & Warehouse Company, et al. v. Swilley, et al., D. B. A. Swilley Gin Company, 252 Miss. 103, 118, 171 So.2d 333, 339 (1965); Bush Construction Company, et al. v. Walters, 254 Miss. 266, 275, 179 So.2d 188, 191 (1965): Mills v. Balius, 254 Miss. 353, 361, 180 So.2d 914, 916-917 (1965).
The error of this instruction is further compounded in that it is not an instruction against the negligence or failure to exercise ordinary and reasonable care on the part of one defendant, but is directed to the failure to exercise ordinary and reasonable care on the part of three defendants, and instructs the jury that they are under a sworn duty to find for the plaintiff and against all three defendants.
These three instructions were fatally defective; they should not have been given.
This case is, therefore, reversed and remanded for a new trial.
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, PATTERSON and SMITH, JJ., concur.