PRATHER, Justice,
for the Court:
Helen Ann Barnhill, plaintiff below, brought this personal injury action seeking recovery for injuries suffered after being struck by an automobile driven by appellant Wade Mills, an employee of appellant car dealership. The injuries were received as appellee was crossing the street. The jury found in Barnhill’s favor, awarding $7,500.00 in damages. The car driver and his employer have now appealed this verdict, citing as error the following:
(1) THE VERDICT OF THE JURY IN THIS CASE HAD TO BE BASED ENTIRELY ON “GENERAL NEGLIGENCE”, AND APPELLANT’S MOTION FOR A J.N.O.V. OR FOR A NEW TRIAL SHOULD HAVE BEEN GRANTED.
I.
On the afternoon of August 8, 1986, Barnhill was having her hair styled at a beauty shop in Louisville. It began raining, and she left the shop to roll up the windows in her car, which was parked nearby. She walked down some stairs to Court Street, which apparently did not have a pedestrian walkway at the intersection below the beauty shop. The appellee testified that she looked twice both ways before crossing the street and saw no cars coming. After taking only a few steps into the street, at a point between the intersections, she looked up to see a car being driven by appellant Mills coming toward her. She tried to jump out of the way, but was unable to do so. The car struck her on the right hip, throwing her to the ground in the process.
Appellant Wade Mills, employed as a mechanic with the Brunt-Ward car dealership, was test-driving the vehicle in question, checking for problems with its transmission. He testified that he was heading south on Court Street, with a steady, although not heavy rain falling. He claimed to only be going 10 to 15 miles per hour, because of the rain. Mills testified that the appellee suddenly stepped out into the street, from the west, and although he put on the brakes, he was unable to avoid hitting her. He got out of the car and helped her to the side of the street. The brakes on the car were in good working order.
The appellee was later taken to the hospital and remained there for several days. Her injuries consisted of a large bruise on her right hip, and headaches which she claimed to still suffer from at the time of trial. The headaches were severe enough to cause her to miss many days of work, a situation that had never existed prior to the accident.
Although not at issue on this appeal, the appellee had accumulated $1,827.30 in medical-related bills at the time of trial, and she had also suffered lost wages in the amount of $477.87. On appeal, the appellants are not challenging the amount of damages awarded at trial.
II.
WAS THE JURY’S VERDICT IN THIS CASE BASED ENTIRELY ON “GENERAL NEGLIGENCE”, AND SHOULD APPELLANT’S MOTION FOR A J.N.O.V. OR FOR A NEW TRIAL THEREFORE HAVE BEEN GRANTED?
Under the appellant’s lone assignment of error, they contend that the jury’s verdict *666 was based on a general negligence theory, instead of being based on jury instructions which alleged specific negligent acts.
A total of thirteen jury instructions were given to the jury by the trial judge. Of these, three instructions addressed the negligence issue. These three instructions, P-9, P-10, and D-10 read as follows:

Instruction P-9

The Court instructs the jury that negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.
The Court further instructs the jury that an element, or test, of proximate cause is that an ordinarily prudent man should reasonably have foreseen that some injury might probably occur as a result of his negligence. It is not necessary to foresee the particular injury, the particular manner of the injury, or the extent of the injury.

Instruction P-10

The Court instructs the jury that an operator of a motor vehicle within the corporate limits of the City of Louisville is under a duty to operate his vehicle with due care and to exercise due diligence.

Instruction D-10

The Court instructs the jury that if you find from a preponderance of the evidence in this case that the plaintiff, Helen Ann Barnhill, did negligently proceed out into a street without looking both directions for oncoming vehicles at a location between two intersections, and further find that the vehicle driven by Defendant Wade Mills was being operated in a safe and reasonable manner in the proper lane of travel, then Helen Ann Barnhill was guilty of negligence, and if you further find from a preponderance of
the evidence in this case that said negligence was the sole proximate cause of the accident herein complained of, then it is your sworn duty to find for the Defendants, Wade Mills and Brunt-Ward-Chevrolet-Oldsmobile-Pontiac-Buick-Cadillac, Inc.
This Court has held that the plaintiff has a duty to have the court inform the jury as to what negligence is necessary to be proven in order to authorize recovery. Verdicts based on “general” or “any” negligence have not been allowed to stand. Critelli v. Blair, 203 So.2d 604, 607 (Miss.1967); Merchants Co. v. Hutchinson, 186 So.2d 760, 763 (Miss.1966); Bush Construction Co. v. Walters, 254 Miss. 266, 274-75, 179 So.2d 188, 191 (1965); Rawlings v. Royals, 214 Miss. 335, 340-41, 58 So.2d 820, 822 (1952); Meridian City Lines v. Baker, 206 Miss. 58, 83-85, 39 So.2d 541, 544-46 (1949).
In Meridian City Lines, supra, this Court reversed the case on an instruction to the jury which only stated that the defendant breached “... the duty of exercising reasonable care and caution in the operation of its said buses so as to avoid injuries to others.” In Critelli v. Blair, supra, this Court held that “failure to exercise ordinary and reasonable care in the operation of their vehicles” was vague and general language. The holdings of this Court regarding the sufficiency of instructions have repeatedly held that in negligence cases the instructions must confine the deliberation of the jury to the ground or grounds alleged and which are supported by the proof. McDonough Motor Express, Inc. v. Spiers, 180 Miss. 78, 86-87, 176 So. 723, 725 (1937); Rawlings v. Royals, 214 Miss. 335, 340-41, 58 So.2d 820, 822 (1952).
In this instant case, however, there is another observation that requires addressing, and that problem is the failure of the defendant to object at the time of the giving of instructions by the court. In accord with Uniform Circuit Court Rule 3.09, the circuit court considered the requested instructions of the parties at the conclusion of the testimony. The plaintiff requested the instruction P-10 with additional language “in observing the right of way of pedestrians.” The trial court struck the *667 above language from the instruction, but the record fails to reflect at whose instance the amendment was made.
However, it was the plaintiff’s attorney who objected to the court’s amending the submitted instruction. Plaintiff’s counsel stated “because in no other jury instruction do we have an instruction which makes it a duty for an operator to observe the rights of pedestrians, and this instruction could be so amended, if — at the court’s discretion, to allow introduction to the rights of pedestrians.” The defendant did not respond to the specific objection of the plaintiff that the jury instruction should have been more specific. Having failed to object before the case went to the jury, this Court holds that the defendant’s objection after judgment in a motion for judgment notwithstanding the verdict was barred. Pittman v. Hodges, 462 So.2d 330, 335-36 (Miss.1984). This assignment of error is therefore denied.
For the foregoing reasons, it is the opinion of this Court that this case should be and is hereby affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.